## WINSLETT v. McLEMORE'S ADM'RS.

1. The judgment entry recites that the parties came " by their attornies, and the defendant suggests that the plaintiffs have resigned as administrators, of, &c., which fact being proved to the satisfaction of the court, and the defendant with- drawing his plea, says nothing in bar or preclusion of the plaintiff's demand.

It is therefore considered, &c.:" *Held*, that it could not be inferred from the defendant's suggestion that the plaintiffs had resigned the administration ; the fact not being admitted by them, it should have been asserted by plea regularly interposed, and tried by the jury, and the court was not competent to determine it upon hearing the evidence.

WRIT of error to the Circuit Court of Coosa.

The defendants in error declared on a promissory note, payable to Elijah McLemore, their intestate; to which the defendant pleaded—1. Non-assumpsit. 2. That the plaintiffs were not administrators, as alleged in their declaration. On these pleas, issues were joined, but not submitted to the jury. A judgment was rendered in these words: "This day came the parties by their attorneys, and the defendant suggests. that the plaintiffs have resigned as administrators of Elijah McLemore; which fact being proven to the satisfaction of the court, and the defendant, withdrawing his pleas, says nothing in bar or preclusion of the plaintiffs' demand—therefore, it is considered by the court, that the plaintiffs recover of the defendant the sum of three hundred and sixty-eight dollars, the damages in the declaration mentioned, together with the costs in this behalf expended," &c.

MORRIS, for the plaintiff in error, insisted, that it appeared, from the judgment entry, that the plaintiffs below had no right of action, and the judgment in their favor was, consequently, erroneous.

No counsel appeared for the defendant.

COLLIER, C. J.—The judgment entry in this case is in an unusual form, and its true meaning somewhat involved; but we think it must be thus interpreted, viz: that the defendant, instead of insisting upon a trial of the issues, withdrew his pleas, and suggested and proved to the court. that the plaintiff, had resigned the administration of the intestate's estate. In such case, the court was not competent to try the suggestion without the plaintiffs' assent, and the record discovers nothing from which their consent is inferable. In Hatch v. Cook, [9 Porter's Rep. 177,] this court say, that when the death of either of the suitors is suggested by the counsel who had previously represented him, the

court will, of necessity, ascertain the fact in some other manner than by plea; but when the suggestion of the plaintiff's death is not admitted by the person representing him, the suit can only be arrested by plea *puis darrein continuance*. This case was one where the plaintiff died, *pendente lite*, and though the facts are not identical with the present, yet the principle determined shows, that the fact, whether the plaintiffs were ever administrators, or, being administrators, resigned their trust previous or subsequent to the commencement of the suit, is triable by a jury upon an issue formed for that purpose.

Conceding to the judgment entry all verity, and still its recitals do not *legally* show that the plaintiffs were not entitled to recover; for the reason, as already stated, that it was not competent for the court, instead of the jury, to entertain and adjudicate the fact of their resignation, unless they assented to that mode of trial.

The consequence is, the judgment of the circuit court is affirmed.