Skinner v. Frierson and Frow.

---

## SKINNER v. FRIERSON AND CROW.

1. When an administrator resigns pending a suit against him, the plaintiff is not compelled to make the succeeding administrator a party in his stead, though he has the privilege to do so ; but may proceed with the suit, in order to charge the resigning administrator and his sureties, unless the resigning administrator also shows a due administration, or a transfer of all the assets to the succeeding administrator.

2 When the resignation is suggested with the consent of the plaintiff, he may make the succeeding administrator a party, but if the suggestion is not assented to, the administrator is put to his plea, which must show not only the resignation, but the other matters essential to a full discharge.

3. After a resignation, the administrator no longer represents the estate, and a judgment afterwards recovered, will have no effect to charge a succeeding administrator.

4. Upon the confession of the plea of *plene administravit*, the judgment is to recover the sum due, to be levied of the goods, &c. which *hereafter* shall come to the hands of the administrator.    A general judgment, to be levied *de bonis intestatis*, upon such a confession, is irregular, and usually amendable as a clerical misprision, but when directed by the Court is error, for which the judgment will be reversed.

Writ of Error to the Circuit Court of Tuskaloosa.

ASSUMPSIT, by Frierson and Crow, against Skinner, as the administrator of W. W. Capers.

The defendant pleaded *non assumpsit*, statute of *non claim*, and *plene administravit*. The plaintiff took issue upon the first plea, replied to the second, and as to the third, claimed judgment *quando accederunt*. After the cause was called for trial, and when the parties had announced themselves ready for trial, the defendant suggested to the Court that he had settled his accounts as administrator with the Orphans' Court, resigned, and been removed from the office of administrator ; that another person had been appointed in his stead, who had represented the estate insolvent, and that it was so declared by the Orphans' Court. To sustain this suggestion, the records of the Orphans' Court were then present in Court, ready to be produced, and the defendant requested the Court so to order, that in the event of a judgment, no execution should issue thereon, but that the same should be certified to the Orphans' Court, for the plaintiffs to receive the proper dividend of the estate. The Court decided the suggestion not to be proper. The plaintiffs then produced and proved their account, and its presentation, and rested. The defendant then offered to produce and prove the decree of the Orphans' Court upon his settlement of accounts with the estate, his discharge by the Court, and removal from office, and also offered to prove that Frierson, one of the plaintiffs, attended when the settlement was made, and claimed the allowance of the same account, which is the foundation of this suit ; all which was objected to by the plaintiff, and the objection sustained.

The defendant then asked the Court to instruct the jury, or so to order that no execution should issue upon the judgment to be rendered, unless it was shown that assets had come to the administrator ; which the Court refused.

The defendant then requested the Court to instruct the jury, or so to order, that no general judgment *de bonis testatoris*, should be rendered, unless the plaintiff proved to the jury that the defendant had assets in his hands. This was also refused, and the defendant excepted to the several rulings of the Court.

The jury returned a verdict for the plaintiff, upon which judgment was entered, to be levied of the goods, &c. of the intestate *now* in the hands of the defendant remaining to be administered.

The errors assigned open the questions reserved at the trial,

Skinner v. Frierson and Crow.

and also point out the irregularity in the judgment, which it is insisted should have been *quando accederunt,* instead of general.

W. COCHRAN, for plaintiff in error, cited 2 Lomax on Executors, 442, 3, 4.

PECK, for the defendant, insisted, that none of the exceptions at the trial were available, because the evidence offered was not relevant to any of the issues formed. The party had no right to interrupt the progress of the cause before the jury to ask instructions as to the future action of the clerk. If the judgment was improperly entered, the motion should have been to correct it.

GOLDTHWAITE, J.—1. The questions involved in this cause, require us to ascertain what effect is produced on a pending suit against an administrator by his resignation of the trust; as well as the mode by which the fact of resignation shall be made known to the Court and adverse party. The object of a suit against an administrator is to obtain satisfaction, and the general effect of it is to charge the assets of the estate; but beyond this the judgment has the effect also to charge the administrator personally, as well as his sureties, unless the assets are administered in due course of law. As the administrator can be made responsible only because of a debt due from his intestate, it is necessary to ascertain that fact by a suit against him as the representative of the estate, before he can be made personally liable. [Thompson v. Searcy, 6 Porter, 393.] One of our statutes permits the resignation of an administrator; [Clay's Dig. 222, § 9,] and another provides, that any suit commenced by or against a personal representative of any testator or intestate, may be prosecuted by or against any one who may succeed to the administration; [Ib. 227, § 30,] but if the effect of these enactments is to discharge the resigning administrator, without shewing what disposition he has made of the assets received during the continuance of his trust, the creditor might be turned from one to another without end by the mere fact of resignation. This, however, is provided against by the statute which permits the resignation, and the administrator and his sureties is by that declared bound for all the assets and effects which shall not have been duly administered or applied; or shall not be delivered to the suc-

cessor in the administration. [Ib. 222, § 9.] From what has been said in connection with these statutes, it is evident a plaintiff is not compelled to make the succeeding administrator a party to a suit already commenced, though he has the privilege to do so if he chooses. It is also evident that he may proceed with his suit although the resignation is suggested and shown, unless the resigning administrator is also able to show one of the two alternatives of the statute, in his discharge; that is, either a due administration, or a transfer of all the assets to the succeeding administrator.

2. From these principles may be deduced the form of the plea appropriate to a resigning administrator. At common law, although an administrator had administered all the assets in his hands, yet the creditor, upon confessing the plea of *plene administravit*, was entitled to a judgment *quando accederunt;* but if the fact was so found on the trial of the issue, the action was discharged. [2 Lomax on Ex. 446, § 11.] In this particular our statutes seem to work no change; but, inasmuch, as they provide, in effect, for the discharge of a resigning administrator when he has complied with what is required, it follows, that his plea must be so modified as to produce that discharge as a consequence of his compliance with all that the law requires. As the creditor is entitled to charge the administrator and his sureties, when the assets have not been applied in due course of administration, or have not been transferred to the succeeding administrator, it also follows, that he is entitled to controvert these facts, as well as the fact of resignation. The consequence is, that although the suggestion of the resignation, when that is made with the assent of the plaintiff, may have the effect to discharge the resigning administrator from the suit, and authorise the admission of a new party, yet, when not assented to, is of no effect whatever, [Winslett v. McLemore, 6 Ala. Rep. 416,] and the party is driven to his plea, which to be sufficient to discharge the action, must show not only the resignation, but the other matters essential to a full discharge.

3. It now sufficiently appears, that the attempt of the defendant to discharge himself from the suit by the suggestion of his resignation when the cause was called for trial, was not the proper mode; but it is equally apparent, that if the facts were as suggested by him, he had no further concern with the cause. His

Skinner v. Frierson and Crow.

connection with the estate had ceased, and not being in fact or in law, the administrator, a judgment obtained against him in that character, could have no effect to charge a succeeding administrator. If the plaintiff's object was to charge the assets of the estate in the hands of the succeeding representative, the suggestion should have been confessed, and a *sci. fa.* taken to make the necessary party. It will be borne in mind, that the defendant, previous to making this suggestion, had pleaded the plea of *plene administravit,* which was confessed, and a judgment *quando accederunt* prayed for. This confession of full administration has relation certainly to the time of pleading the plea, even if it be not referred to the rendition of the judgment on it; [2 Saund. 219, note 2; Moore v. Quinn, 6 Term, 14,] from which it is evident that nothing is involved here but the costs of this Court, because, if the administrator, at that time had resigned, it is im possible that any assets could come to his hands afterwards as administrator. Although, to the parties, this decision is of no importance, we deemed it proper, on questions so important in gen eral practice, to pursue conceded analogies rather than let in a loose and unprecise mode of practice. It is scarcely necessary to add, that the evidence offered, was applicable to none of the issues, and therefore was correctly rejected.

4. The judgment as entered, however, is entirely irregular. On the confession of the plea of *plene administravit,* the proper course would have been to enter an interlocutory order to stay the final judgment until the issues were determined. [2 Lomax on Ex. 446, § 10.] After the verdict, finding these issues for the plaintiff, the entry should have been for the plaintiff to recover the amount ascertained, to be levied of the goods, &c. of the intestate, which thereafter should come to the hands of the administrator to be administered; [Ib. § 14,] but instead of this, the judgment is a general one, *de bonis intestatis,* the effect of which might be to charge the administrator personally, after a *fi. fa.* returned *nulla bona.* According to our general course of practice, under ordinary circumstances, this would be considered a mere clerical misprision of the clerk; but here the Court was asked to direct that no general judgment should be entered. The refusal of the Court to give this direction, shows sufficiently, that the error is attributable to the Court; and though the letter of the statute directs a reversal only when an amendment of the judgment has

been refused in the Court below, [Digest, 322, § 55,] yet a refusal to direct the proper judgment, seems equally within the spirit of the act.

For this error the judgment must be reversed, and here rendered *quando accederunt.*