## BOGLE ET AL. vs. BOGLE'S ADM'R.

1. An administrator may discharge himself by showing that he delivered to his successor the assets of the estate which remained in his hands unadministered, and the admissions of the latter are competent evidence to prove that fact.

2. The action of the Probate Court under the act of February 11, 1850, (Pamphlet Acts 27,) upon questions of fact growing out of administrations, is a matter of law, and is revisable in the Appellate Court in the same manner as the decisions of the court on questions of fact which are referred to the court rather than to the jury; in such cases the Appellate Court will look to the whole evidence, if it is to be found in the record, and will not send the case back for another trial, if enough remains to sustain the judgment, rejecting testimony which may have been illegally admitted.

3. Where the widow purchases property at the administrator's sale, giving her notes for the purchase money, and afterwards marries again, and her husband takes out letters of administration *de bonis non*, he becomes chargeable with his wife's debt to the estate.

4. After a lapse of eighteen years the court will not force conclusions, nor draw any inferences not clearly warranted by the evidence, in favor of a distributee who has had ample time and opportunity to assert his rights, and has made no effort to do so until after the administrator's death.

ERROR to the Court of Probate of Dallas.

THE record shows that Samuel H. Bogle was appointed administrator of the estate of James Bogle in 1826, that as such administrator he procured an order for the sale of the personal property, and his return of the sales, the inventory and appraisement. The record further shows that in 1832 John D. Haynes, having married the widow of James Bogle, and being appointed guardian for the minor heirs, instituted proceedings in the Orphans' Court against said Samuel H., as administrator, for a distribution of the estate, which proceedings were subsequently discontinued. The record also shows that in September, 1832, an application on the part of such administrator was made for a final settlement of the estate, and an order of publication directed to be made; but the record does not show that any settlement was made, and in July, 1851, John D. Haynes was appointed administrator *de bonis non*. In June, 1851, on the application of John G. Levitt, and proof

Bogle et al. v. Bogle's Adm'r.

that said Haynes had removed out of the State to parts unknown for more than fifteen years, the letters granted to him were revoked, and said Levitt appointed administrator *de bonis non.*

In July, 1851, Samuel H. Bogle having died, his administrator, Thomas W. Walker, applied for final settlement of his intestate's administration on the estate of James Bogle, under the act of January, 1845. An issue was made up between the plaintiffs in error on the one side, and the defendant in error on the other, the latter pleading, in effect, that his intestate, Samuel H. Bogle, had before his death fully administered and settled said estate ; and upon this issue the cause was tried by the court.

On the part of the plaintiffs there were introduced the records from the Orphans' Court showing the appointment of the intestate as administrator in 1826, the appraisement, inventory and orders authorizing him to sell the personal property, as also the account of the sales of the personal property as returned by him ; also the same records showing that in 1831 he applied to make a final settlement of the estate, and renewed the application in September, 1832, when an order of publication was made. The plaintiffs proved the value of the hire of the slaves belonging to the estate of James Bogle from 1826 to 1834, when they were received by John D. Haynes, the administrator *de bonis non.*

The material portions of the evidence on the part of the defendant, and the objections to the same, so far as any legal question is presented upon them, will be found in the opinion of the court. The court below upon the facts proved gave judgment in favor of the defendant.

The rulings of the court upon the testimony, and the judgment rendered, are here assigned for error.

Wm. M. Murphy and J. W. Lapsley, for plaintiffs in error.

George W. Gayle, *contra.*

GOLDTHWAITE, J.—We think the court committed no error in overruling the objections taken on the trial below, by the plaintiffs in error, to the admissions of Haynes, the administrator *de bonis non.* These admissions were made by him while

acting in that capacity, and were to the effect that the intestate, Samuel Bogle, had made a settlement of the estate with him. The law is settled in this court, that the administrator may discharge himself by showing that he delivered to his successor the assets of the estate which remained in his hands unadministered, (Skinner v. Frierson, 8 Ala. 915; Gayle v. Elliott, 10 Ala. 264;) and the admissions of Haynes, if they were legitimate evidence, tended to establish that fact. It is true, that an administrator cannot create a charge against the estate, either by his act or admission; but this evidence is not of that character. Haynes, by virtue of his appointment, had authority to receieve from the former administrator the assets which remained with him unadministered, and as his receipt would have been competent evidence of that fact, so his admissions made while he was administrator, tending to establish the same fact, were upon the same principle admissbile.—Starke & Moore v. Keenan, 5 Ala. 590; Pharis v. Leachman, 20 Ala. 662.

We consider it unnecessary to inquire into the rulings of the court upon the other portions of the evidence. Much of it was illegal, but if it had all been rejected, we think enough remains to sustain the judgment of the court; and as under the act of 11 February, 1850, (Pamphlet Acts 27,) it is the duty of the court to decide questions of fact, growing out of administrations, without the intervention of a jury, unless upon the application of one of the parties, it follows that its action upon the whole evidence is a matter of law, and revisable here in the same manner as the decision of the court upon questions of fact arising upon a trial in the common law forums, which are referred to the court rather than the jury; as where the competency of a witness is to be determined, the loss of a writing, or other questions of a like character. In these cases, this court will look to the whole evidence, if it is to be found in the record, and will not send it back for another trial, if enough remains to sustain its judgment, rejecting testimony which may have been illegally admitted.

Applying this rule to the case before us, we find the slaves belonging to the estate of James Bogle are proved to have remained in the possession of the widow, from the time of his death until her marriage with Haynes, and from that period in his possession; that much the greatest portion of the other

personal property was bought at the sale by the widow, and the note given by her, which was offered in evidence, it is fair to presume from its bearing date within a few days after the sale was made, was given by her for the purchases made on that occasion. The fact that this and other notes made by Haynes, payable to Samuel H. Bogle, as administrator of the estate, were retained in the possession of the latter, is not important, as they could not have been collected by him after Haynes took out letters, (Durham v. Grant, 12 Ala. 105,) and by his marriage with Mrs. Bogle, and taking upon himself the administration, Haynes became chargeable with these debts.—Childress v. Childress, 3 Ala. 752 ; Duffie v. Buchanan, 8 Ala. 27. That these notes were placed in the hands of an attorney for collection, would militate against the idea of a full settlement, if it was shown to have been after the settlement was had. The evidence does not establish at what time this was, and it is not to be presumed that it was after Haynes took out letters, as no action could have then been sustained upon them. The main facts, that Haynes was in possession of by far the greatest portion of the property belonging to the estate, and that after a bitter controversy, in which he, as the representative of all the distributees, endeavored to force the intestate of the defendant to a distribution of the estate, he admitted that he had a settlement with him, are, we think, sufficient under the circumstances to sustain the judgment. The relative position of Haynes and Samuel H. Bogle gives to the admission of the former great weight, and authorize it to be taken in its broadest sense; and although the lapse of time may not, of itself, be sufficient to create the legal presumption of a settlement, we are not disposed, after a period of eighteen years has passed, to force conclusions, or even to draw any inferences not clearly warranted by the evidence, in favor of a distributee who has had the most ample time and opportunity to assert his rights, and has made no effort to do so, until after the death of the party. He is entitled to no favor under such circumstances.

We all agree that rejecting all the evidence objected to, except that which we have decided was admissible, enough remains to sustain the judgment, which must be affirmed.