BAKER ET AL., ADMR's, *vs.* WOOD, ADM'R.

[SETTLEMENT OF ACCOUNTS OF INTESTATE, WHO WAS BOTH GUARDIAN AND ADMINISTRATOR.]

1. *Liability of a guardian who becomes administrator of his ward's estate.*— Where the ward dies, and the guardian takes out letters of administration upon his estate, the administrator and his sureties on his administration bond become liable for the administration of all assets, which the administrator held formerly as guardian, and which were on hand when letters of administration were granted.

APPEAL from the Probate Court of Dallas.

In the matter of the final settlement of Robert A. Baker's guardianship of T. B. Dallas, a minor, by Robert L. Baker and Stephen Potts, as administrators of the said Robert A. Baker, who, in his life time, was both guardian and administrator of said T. B. Dallas.

On the 2d February, 1860, Robert A. Baker, appellees' intestate, was appointed by said probate court guardian of the estate of T. B. Dallas, and qualified as such. Robert L. Baker was one of the sureties on his bond. The guardian made an annual settlement in 1863, and on this settlement there was a balance in the guardian's hands of $—. The ward died prior to the 27th day of December, 1864, and the guardian took out letters of administration upon his estate, and in 1865 an attempt was made by

Robert A. Baker to make a final settlement of his guardianship, but he died in January, 1866, without having done so, nor had he made a final settlement of his administration upon the estate of said Dallas. Robert L. Baker and Stephen Potts, (appellees), as administrators, of Robert A. Baker, on the 12th August, 1867, filed in the probate court their accounts and vouchers for a final settlement of their intestate's guardianship of T. B. Dallas, deceased. On this settlement P. G. Wood, (appellant), who had been appointed administrator *de bonis non* of the estate of said Dallas, appeared, and moved the court to charge the said administrators of Robert A. Baker, upon his account as guardian of said Dallas, with the sum of $3287.95, together with interest thereon, which said sum was shown by the records of the court to be due from the said Robert A. Baker, as guardian aforesaid to his ward, on the last partial settlement of his guardianship with the court. The said administrators resisted said motion, and moved the court to discharge the estate of the said Robert A. Baker from liability, for the said sum of $3287.95, on account of his said guardianship, and to charge the said sum against the estate of the said Robert A. Baker, on account of his administration on the estate of the said Dallas. The court overruled the motion of P. G. Wood, but granted the motion of the said administrators, and to this action of the court the said Wood excepted. He appeals and assigns the same for error.

MORGAN & LAPSLEY, for appellant.—1. The question to be decided in this case, is: Does the record anywhere show such a state of facts as entitled R. A. Baker to a discharge from liability on his bond as guardian? This is a proceeding to settle the guardianship account, upon an account filed by the guardian's representatives, under the statute. The doctrine of presumed payments does not apply to this case. It is necessary for the administrator, by some act of his own, to signify a transfer from one account to the other. This he might have done by an inventory. His failure to return an inventory, as the law re-
42

quired, evinces an unwillingness to transfer the debt from one account to the other. As to the necessity of some act, evincing intention of transfer, see *Swoope vs. Chambers,* 2 Grat. 319; *Whitworth's Distributees vs. Oliver,* 39 Ala. 286.

2. It is a matter for the distributees to determine as to which bond they shall proceed on. The court, in *Whitworth's Distributees vs. Oliver,* 39 Ala. 286, say the distributees *may* proceed against him on the last bond, "*if they elect to do so.*" Here the representative of the deceased ward and intestate elects to proceed on the first bond. And the court below has refused to allow him to elect, but suffers one of the sureties on the first bond, now administrator of the deceased guardian, and administrator, to elect to discharge himself and put the responsibility on the last bondsmen.

3. Before the presumption of payment would hold in a case like this, there must be an ascertainment of the balance due, which could only be done by a final settlement of his guardianship accounts.—*Davis vs. Davis,* 10 Ala. 300.

BROOKS & HARRALSON, *contra.*

BYRD, J.—1. The ward dying, the guardian took out letters of administration. Thereupon, in law, the title to the estate vested in the administrator, and he and his sureties on his administration bond became liable for the proper administration of all assets which he held formerly as guardian, and which were on hand when letters of administration were granted.—*Bryan & Wife vs. Weems,* 21 Ala. 302; *Boyle et al vs. Boyle's Adm'r,* 23 Ala. 547 ; *Duffee vs. Buchanan & Wife,* 8 ib. 27.

Whether they would be liable for a *devastavit* committed before such grant, is a question not involved in this case, and therefore we express no opinion upon it.

From the bill of exceptions we cannot say that the guardian committed any *devastavit,* or that the assets in controversy were not in his hands when he took out letters of administration.— *Whitworth's Distributees vs. Oliver et al.,* 39 Ala. 286.

We do not think that upon *this record* the appellant had

the right, at the time he made his motion in the probate court, to have the same granted.

It results that the decree of the probate judge is affirmed.