# Dolan *v.* Dolan.

*Contest as to Insolvency of Intestate's Estate.*

1. *Issue as to insolvency of estate; conclusiveness and effect of decision.* The insolvency of an intestate's estate, on the report of the administrator, being contested by the heirs, the judgment conclusively establishes the *status* of the estate, and the liability of the lands to the payment of debts; but, as to the validity of claims presented and contested, the judgment is not conclusive, and only *prima facie* proof is required.

2. *Revision of probate decree on facts.*—On the trial of an issue before the Probate Court, a jury having been waived, this court will not, as a general rule, reverse the finding, unless it is manifestly against the evidence; but this rule does not apply, when it appears that the judgment was based upon illegal evidence, which was received against the objection and exception of the appellant, and without which the judgment can not be supported.

3. *Testimony of party as to transactions with decedent; who is "opposite party."*—The insolvency of an intestate's estate, on the report of the administratrix, being contested by the heirs, they are the adversary parties to the proceeding; and the issue involving the existence and validity of the only unpaid claim filed against the estate, although the claimant, as a creditor, joins with the heirs in contesting the insolvency of the estate, he is not a party in adverse interest to the administratrix, so far as his own claim is concerned, and neither of them can testify as a witness for the other, against the objection of the heirs (Code, § 2765), as to transactions with the intestate tending to establish the claim. As to that issue, the heirs are the "opposite party" to each of them.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS.

In the matter of the estate of Thomas Dolan, deceased, on the petition of the administratrix, who was the widow, to have the estate declared insolvent. The intestate died in September, 1887, and letters of administration were granted to his widow on 1st October, 1887. The petition to have the estate declared insolvent was filed on the 9th May, 1888, and, with the annexed schedules, alleged and showed that the claims filed against the estate amounted to $3,563.49, and that all of them had been paid except a claim for $2,844,

[Dolan v. Dolan.]

filed by James T. Dolan, who was the son of the administratrix by a former husband. The heirs at law, who were the brothers and sisters of the intestate, and the children of a deceased brother, at once intervened, denied the insolvency of the estate, and asked that an issue might be made up to try the question; and said James T. Dolan, as a creditor, joined with them as a contestant several months afterwards. The heirs at law, "by way of plea and answer to the claim filed by James T. Dolan as a creditor, in short by consent say" [said], that the claim was not a *bona fide* debt against the estate, and that it was barred by the statute of limitations of three or six years; but the record does not show whether this pleading was filed before or after said Dolan joined as a contestant of the insolvency. On the hearing, or trial, a jury having been waived, the court seems to have treated the two issues as one and the same, and rendered but one decree; but allowed James T. Dolan to testify as a witness for the administratrix, as to transactions between himself and the intestate, out of which his claim originated; and also allowed the administratrix to testify in his favor, as to the same and similar transactions; and the court admitted this evidence, against the objections and exceptions of the heirs.

The court rendered a decree as follows: "Mary Dolan, administratrix of Thomas Dolan, having duly filed her report that said estate is insolvent; and the next of kin of said estate having denied in writing that said estate is insolvent; and the parties making up said issue having waived a trial by jury, and submitted the issue of insolvency *vel non* to the court; and the court having heard the testimony adduced by the parties as to the said issue, and having carefully considered the same, as well as all questions of law arising upon said testimony, the court is of the opinion that said estate is insolvent," and therefore so declared it.

The decree of the court, and the rulings in admitting the testimony objected to, are now assigned as error by the heirs.

J. L. SMITH, and W. E. RICHARDSON, for appellant.—The court erred in permitting the administratrix and her son each to testify in favor of the other, against the objection of the heirs, as to transactions with the deceased tending to establish the validity of James Dolan's claim as a debt against the estate. Each of them was a party to the record, and to the particular issue involved, and each of them was

[Dolan v. Dolan.]

interested, as against the heirs, in establishing his claim, which also established the insolvency of the estate; the administratrix, because the decree of insolvency gave her an absolute estate in the homestead and exemptions of personalty; and the creditor, because his claim was conclusively adjudicated, in a contest with the heirs. Their incompetency to testify as to these matters, under section 2765 of the Code, is settled by the adjudged cases.—*Goodlett v. Kelly*, 74 Ala. 213; *Key v. Jones*, 52 Ala. 247; *Killen v. Lide*, 65 Ala. 505; *Tisdale v. Maxwell*, 58 Ala. 40; *Miller v. Cannon*, 84 Ala. 59; *Hall v. Pegram*, 85 Ala. 522; *Ward v. Struve*, 82 Ala. 311; *Savings Bank v. McDonnell*, 87 Ala. 736; *Hodges v. Denny*, 86 Ala. 226. If the estate was declared insolvent, after contest with the heirs, the lands were subject to the payment of debts; and yet the necessity of a sale of lands for that purpose must be proved by the testimony of disinterested witnesses.—Code, §§ 2111, 2258-9. The effort in this case is to evade the statute by indirection.

HANNIS TAYLOR, *contra.*—As to the main issue in this case—the insolvency of the estate—James T. Dolan and the administratrix were both parties to the record, and each was "the opposite party" to the other; and each therefore might testify for the other, as to any transaction with the decedent. Code, § 2765; *Thomas v. Thomas*, 41 Ala. 120; *Dudley v. Steele*, 71 Ala. 126. If said Dolan had sued the administratrix on his claim, each party might have been compelled to testify, at the instance of the other, as to the same matters here brought out; and the statute regulating the competency of the parties as witnesses, makes no distinction between forums. The liability of the lands descended to the payment of debts, was only incidentally involved; since conclusive proof of claims was not required, and the estate might have been declared solvent on other grounds, even after Dolan's claim was allowed. Besides, since a jury was waived, and the issues of law and fact were submitted to the court, the finding will not be disturbed unless manifestly wrong. *Nooe v. Garner*, 70 Ala. 443.

CLOPTON, J.—This proceeding is an application to the Probate Court, by appellee as administratrix, to declare the estate of Thomas Dolan insolvent. The heirs appeared, and made an issue by denying in writing the fact of insolvency. Among the claims mentioned in the statement of claims

against the estate filed with the report of insolvency, is one in favor of James T. Dolan for $2,844. He came in as a creditor, and, denying the insolvency, joined in the issue made by the heirs. A special issue was made by the heirs, as to the justness and correctness of this claim. On the trial of this issue, James T. Dolan was called by the administratrix to prove his claim, and she was called by him for the same purpose. The court allowed each to testify as to transactions with the deceased, against the objections of the heirs.

In a proceeding to declare an estate insolvent, the inquiry relates to the *status* of the estate, and the declaration of insolvency is not a final adjudication as to the validity of the claims presented or reported; hence, as counsel contend, the same measure of proof as to the justness of the claim is not required, as if they were being finally adjudged. A *prima facie* case only is requisite.

The general rule, invoked by counsel for appellee, that the disputed question being authorized by law to be tried, and having been tried by the court without a jury, the finding will not be reversed, unless it is manifestly against the evidence, has no application, when it appears that the conclusion and judgment of the court are based upon illegal and incompetent evidence, without the consideration of which the finding can not be supported. There was evidence as to the value of the real estate, and also tending to show that the administratrix had received assets which she had not inventoried nor reported. We do not deem it important to consider this aspect of the case, as the evidence may vary on another trial; for it is manifest that the insolvency of the estate depends upon the allowance of the claim in favor of James Dolan; and it is equally apparent that, without his testimony, the evidence is not *prima facie* sufficient to show its existence and validity. The testimony of the administratrix, as to James T. Dolan having given his salary to decedent, is mere hearsay, and the evidence of Mrs. Marion is too vague and indefinite to found a conclusion upon. We shall, therefore, confine our consideration mainly to the question raised by the objection to the competency of James T. Dolan to testify to transactions with the intestate with respect to his claim, as against the heirs. In this consideration, we shall not regard the contention, based on the relation between the parties, the administratrix being the widow of the deceased, James T. Dolan being her son born of a for-

mer marriage, and other facts, that there is a combination and scheme between mother and son to assume antagonistic positions to the record, in order to cheat and defraud the heirs, who are brothers and sisters of the intestate. This consideration goes rather to their credibility, than competency.

Section 2765 of the Code provides, that in civil suits and proceedings there shall be no exclusion of any witness because he is a party, or interested in the issue tried, "except that neither party shall be allowed to testify against the other, as to any transaction with, or statement by any deceased person, whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any representative relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the opposite party," We need not refer to or comment on the previous interpretation of the statute, as to its purpose and policy. It is not controverted that the purpose is the protection of the dead against the assertion of fraudulent claims and false defenses by the living, and that this protection extends, not only to the deceased, but also to the rights of his heirs and others claiming in succession or privity. The competency of James T. Dolan is founded on the last clause of the statutory exception—"unless called to testify thereto by the opposite party." The contention is, that the admisistratrix, who called him to testify thereto, is the opposite party in the meaning of the statute. It may be admitted that, in a proceeding to declare an estate insolvent, the personal representative is the actor, with whom the contesting heirs or creditors make the issue. They are adversary parties, as to the general issue of insolvency; but this position on the record does not necessarily constitute them opposite parties, in the meaning of the statutory exception, as to special issues which may be made and tried, so as to authorize either to call the other to testify to any transaction with, or statement by the intestate. This depends upon the relation they sustain to the issue.

In *Mobile Savings Bank v. McDonnell*, 87 Ala. 736, which is the latest interpretation, the statute was construed to preserve, as to the class of statutory exceptions, the common-law rule, which makes parties to the record incompetent witnesses, except in certain cases, unless the immunity of incompetency is waived by the opposite party; and it was

[Dolan v. Dolan.]

held that the court would not engraft on the statutory provisions the common-law exceptions, when repugnant to the obvious policy of the statute.   In that case, a bill was filed by a creditor, to set aside as fraudulent a deed of trust made by an insolvent debtor for the benefit of the Mobile Savings Bank.   The debtor and the bank were made defendants.   It was held, that the debtor could not be allowed to testify to an agreement between him and the cashier of the bank, who was dead, that the deed of trust should be kept off the record, though he was called to testify thereto by the complainant, and his interest was balanced.   In defining who is meant by the opposite party, it is said:   "The concluding clause of the statute—'unless called to testify thereto by the opposite party'—is only declaratory of the rule which permitted the immunity of incompetency to be waived by the opposite party—by which is meant the party to the transaction whose rights would be affected by the testimony offered."   Let this test be applied.   Appellee, not as widow, but as personal representative, has no rights in the estate, which would be diminished or affected by the testimony.   As widow, a declaration of insolvency would enlarge her rights, by vesting in her the homestead absolutely, and relieving her from liability to account on final settlement for the personal property exempted.   How will the rights of the heirs be affected? A decree of insolvency conclusively ascertains and determines the *status* of the estate.   The report of insolvency being based upon the insufficiency of both the real and personal property to pay the debts, the court acts upon both in respect to the amount of indebtedness.   The declaration that the estate is insolvent, adjudicates the necessity to sell both for the payment of the debts, dispensing with other or further proof, and this is conclusive on the heirs.—Code, § 2111. They are thereby placed in a position to be deprived of the descended lands, without other opportunity to show there is no necessity for their sale.   The declaration of insolvency divests them of their reversionary interest in the homestead, and takes away the right to have credited, on final settlement and distribution, the exempt personal property on the distributive shares of those to whom it was exempted.   They are manifestly the parties whose rights would be injuriously affected by the testimony offered.

It is argued that, in an action at law against the administratrix, by James T. Dolan, to enforce the collection of his claim, she could waive the protection of the statute, and call

[Dexter v. Ohlander.]

him to testify as to a transaction with the deceased; and if capable to call him in such case, that she is capable to call him in a proceeding like the present in the Probate Court—that the statute makes no distinction between forums. In such suit at law, they would be the only parties to the record. The administratrix does not represent the heirs, as to the real property; and a judgment rendered in such suit would not bind, or be evidence against them, so far as respects its liability to the debt.—*Scott v. Ware*, 64 Ala. 174. In the present proceeding, the parties are different. The administratrix had paid all the other claims against the estate in full, and they were admitted. The special issue, on the trial of which he was called to testify, related solely to the justness of his claim. In respect to this claim, their interests were identical; both were seeking to sustain it. As to this issue, it is clear that James Dolan and the administratrix, though nominally opposite parties, were really the parties on the one side, and the heirs the adversary parties. The statute regards the substance, the reality. To allow him, under such circumstances, to testify to a transaction with the deceased, for the sole purpose of establishing his claim, without being called, or without the consent of the heirs, would be against the spirit of the statute, and repugnant to its obvious policy. The opposite party, in the meaning of the statute, is the party adverse in interest. It may be, that if James T. Dolan had not been a party to the record, the administratrix could have called him to testify; this we do not decide. But, being a party, his competency falls within the rule declared in the *Mobile Savings Bank v. McDonnell*, *supra*. The same observations and principles are applicable to the competency of the administratrix on being called by him.

Reversed and rendered.