# Holmes v. The State.

## *Action of Ejectment.*

1. *Certified copy of official letter from head of department of general government, admissable in evidence.*—A duly certified copy of an official letter from the Commissioner of the General Land Office to the register and receiver of the district, cancelling a homestead, and cash entry of certain lands therein, is admissible in evidence to prove such cancellation.

2. *Trials before the court without a jury; presumptions.*—Where a trial is had before a court without a jury, and there is sufficient legal evidence to support the judgment, the same will not be reversed on appeal because of the admission of other evidence that was incompetent. This court will under such circumstances conclusively presume that the judgment was based on the sufficient legal evidence.

[Holmes v. The State.]

APPEAL from Birmingham City Court.

Tried before the Hon. W. W. WILKERSON.

This was an action of ejectment by the State of Alabama against Mack Holmes to recover certain land described in the complaint. The title of the State was derived by the selection of said lands by its authorized agent John H. Caldwell, as school indemnity lands, which selection was ratified and approved by the Department of Interior at Washington, D. C. The evidence for the defendant showed that he entered the lands in controversy as a homestead in August 1881; that he built a house on the lands, cleaned and cultivated part of it and resided thereon till June 17, 1884, on which date, having complied with all the provisions of law he had his homestead entry commuted into a cash entry, and obtained a final receipt from the receiver, and a certificate from the register to the effect that Holmes was entitled to a patent for said land. In rebuttal the State introduced a letter, properly certified from the Commissioner of the General Land Office, addressed to the Register and Receiver at Montgomery in which the "Homestead Entry" and the "Cash Entry" of Mack Holmes to the lands in controversy were shown to have been cancelled through proper proceedings in the department at Washington. The defendant objected to the admission of said letter in evidence on the ground that it was hearsay, irrelevant and incompetent; that the action of the Interior Department must be shown by certified copies of its orders and rulings and could not be shown by a mere letter from the Commissioner of the General Land Office. These objections were overruled and defendant excepted. There were other objections made in behalf of defendant to the introduction of evidence, which were overruled and exceptions reserved but it is unnecessary to state them.

J. G. CREWS, and LEA & BELL, for appellant.

JOHN H. CALDWELL, and SMITH & LOWE, for appellee.

HEAD, J.—The duly certified copy of the official letter of cancellation of the homestead entry of Mack Holmes, which was commuted to a cash entry, was, by the express terms of section 2787 of the Code, admissi-

[Holmes v. The State.]

ble in evidence.—*Beasley v. Clark*, 102 Ala. 254; 744; *Iron Co. v. Roberts*, 87 Ala. 436; *Stephens v. Westwood*, 25 Ala. 716; *Hines v. Greenlee*, 3 Ala. 73. It appears, from said letter, exemplified from the records of the General Land Office, that said entries were thereby concelled by the Assistant Commissioner, and action in the case thereby closed, on August 18th, 1888. This furnished sufficient proof of the cancellation by the Land Department of the entries upon which appellant relies; and whether the endorsements on certain other papers, to which he objected, were competent or not, he was in no way injuriously affected by their admission in evidence. When trials are had before the court without a jury, it is only necessary to inquire if there was sufficient legal evidence to sustain the judgment; and if such is found to be the state of the record, we do not reverse because other incompetent matters may have also been heard by the trial judge, the presumption being here indulged that the action of the court, in rendering its judgment, was induced by and rested upon the sufficient legal evidence. For these reasons, we do not deem it necessary to inquire whether there was or was not any error, abstractly considered, in allowing the plaintiff to read in evidence, for the purpose of showing said cancellation, the endorsements on the certified copies of the certificate and receipts issued to the said Mack Holmes. The other questions argued by appellant's counsel have been decided by this court adversly to their contention in an equity case between the same parties.—*Holmes v. The State*, 100 Ala. 291. We are earnestly urged to reverse the ruling there made as to the power of the Interior Deparment to cancel the appellant's entries, no patent having been issued to him, but we find no reason for doing so. That opinion is well sustained by the authorities cited, and to it we adhere. See also *Jones v. Meyers*, 2 Idaho, 793; s. c. 35 Am. St. 259 and cases therein discussed. There is no reversible error in the record, and the judgment of the city court is affirmed.