# York Manufacturing Company v. Bessemer Ice Manufacturing & Storage Company.

### Action of Assumpsit.

1. *Joinder of causes of action.*—It is not a misjoinder of causes of action for the plaintiff, in an action of assumpsit, to unite in different counts the common counts and a special count for the breach of a contract by which the defendant, in consideration of an amount paid by the plaintiff, agreed "to remodel and change the ice machine"

used by the plaintiff and guaranteed that it would make seven tons
per day for a specified period.

2. *Trial by court, without a jury; review, on appeal, of rulings on
questions of evidence.*—Where a case is tried by the court, without the
intervention of a jury, the judgment rendered, if sustained by legal
evidence, will not be reversed, on appeal, for erroneous rulings on
questions of evidence, unless there was evidence erroneously exclu-
ded which, if admitted, would have justified and required a different
conclusion.

3. *Review, on appeal, of rulings on evidence; no presumption of exis-
tence of facts not shown by abstract.*—In reviewing, on appeal, the rul-
ings of the trial court on objections to questions propounded. unless
the statement of facts in the abstract is sufficient to show the rele-
vancy of the questions, this court will not presume the existence of
such facts, from the questions propounded, unless it is apparent from
the questions themselves.

4. *Contract for betterment of property; when party is not entitled to
stipulated compensation.*—Where one contracts to remodel and to add
to the value of another's property, for a compensation, and he adds
nothing, but renders it less valuable by the changes made, he is not en-
titled to recover the compensation agreed upon.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This action was brought by the appellee against the
appellant, to recover damages for the breach of a con-
tract to do certain work and guaranteeing certain re-
sults therefrom. The suit was begun by attachment.
The defendant pleaded the general issue and set off.
The amount claimed as a set off was the amount agreed
by the plaintiff to be paid for a new crank shaft, which
indebtedness was evidenced by a note of the plaintiff.

The plaintiff and the defendant entered into a con-
tract by correspondence, in which the defendant agreed
to remodel and overhaul the ice plant of the plaintiff
and put it in such condition as that it would make 7
tons of ice per day, as well in the months of July and
August, as in other months of the year, and guaranteed
that this would be the result. For this work the plain-
tiff agreed to pay the sum approximating $2,200.

The evidence tended to show that it was proposed by
the defendant to put in a new piece of machinery to
take the place of a galvanized iron tank and boiler feed
pump, which were used by the plaintiff at the time
of making the contract, but that the defendant subse-

quently agreed that the galvanized iron tank should be used. The evidence further tended to show that the ice plant as remodelled did not make 7 tons of ice per day, and that it did not make any more ice after the defendant had remodelled it than it did before the work was done thereupon. It was shown that the plaintiff had paid the defendant $1,200 on April 24, 1891, and $648.90 on May 26, 1891, which amounts were paid before it could be ascertained that the plant as remodelled did not come up to the guarantee given by the defendant.

On account of the condition of the abstract, as pointed out by the opinion of this court, it is not deemed necessary to set out the facts more fully.

Upon the hearing of all the evidence, the court rendered judgment for the plaintiff assessing its damages at $1,830.02. The defendant appeals, and assigns as error the many rulings of the trial court to which exceptions were reserved.

J. W. BUSH for appellant.—1. An action for money had and received will not lie where the purchaser retains possession of the property, and makes no offer to rescind the contract. *Thweatt v. McLeod*, 56 Ala. 375; *Barnett v. Stanton*, 2 Ala. 181; Benjamin on Sales, p. 144; *Lett v. Brown*, 56 Ala. 550. Unless there was a rescission, or unless the articles purchased were valueless, the entire purchase money could not be resisted. The defense would extend only to an abatement. *Gilmer v. Ware*, 19 Ala. 252; *Merriweather v. Taylor*, 15 Ala. 735; *McGar v. Williams*, 26 Ala. 469.

If while a contract is executory the party injured with full knowledge of all the facts, elects to proceed in its execution, enters into new negotiations and stipulations, whereby he obtains a benefit and the other party sustains a corresponding detriment, he is regarded as ratifying or confirming the contract, and it becomes obligatory on him.—*Thweatt v. McLeod*, 56 Ala. 375; *Edwards v. Roberts*, 7 S. & M. 544; *Pearsoll v. Chapin*, 44 Pa. St. 9. When the plaintiff elected his action on the contract for the recovery of damages consequent upon its breach, he took upon himself the burden of proving the extent of the injury.—*Howard v. Taylor*, 90 Ala. 241; *Gooden v. Moses*, 99 Ala. 230.

J.Q. COHEN, *contra*.—The defendant undertook, in consideration of the sum of money paid it, to make a certain plant to do certain things, and to do certain things itself. That the plant not only did not do what the defendant was paid to make it do, but defendant did not do what it agreed to do in the event the plant did not come up to the guarantee; that the plant did not give any better results after than before the remodelling; and that its value was not any greater after the attempted remodelling than before, (and the evidence clearly shows these facts), entitle the plaintiff to recover as damages at least the amount with interest paid by them to defendant for the result guaranteed, is too plain a proposition to require argument. Plaintiff might retain property and sue on the guarantee.—*Guano Co. v. Mullen*, 66 Ala. 582; *Chase v. Evarts*, 19 N. Y. Sup. 987; *Part v. Richardson*, 81 Wis. 399; *Walker v. Gooch*, 48 Fed. Rep. 656; *Minn. Threshing Co. v. Hanson*, 54 N. W. Rep. 311; *Morse v. Moore*, 22 Atl. Rep. 362; *Underwood v. Wolf*, 19 Amer. St. Rep. 40. On the measure of damages.—*Herring v. Skaggs*, 62 Ala. 180; *Cen. Trust Co. v Arctic Ice Machine Co.*, 26 Atl. Rep. 493; *Hogan v. Shuart*, 28 Pac. Rep. 969.

COLEMAN, J.—The Bessemer Ice Company was engaged in the business of manufacturing ice. The contract between the parties was entered into by means of correspondence. The letters constitute the contract. By verifying the abstract of appellant and counter abstract of appellee, from the record, it appears that the York Manufacturing Company agreed "to remodel and change the ice machine," then being used by the plaintiff, for an agreed amount, and guaranteed that it would make seven tons per day, during the months of July and August. The plaintiff paid the consideration. The action is in assumpsit, and the plaintiff united in different counts the common counts and a special count for breach of contract. The court did not err in overruling the demurrers to the complaint, for a misjoinder of causes of action.

There is nothing in the abstract to inform us whether the case was tried with a jury, or by the court without the

intervention of a jury. We incline to the view that, as there are no instructions of the court mentioned in either abstract, a jury trial was waived.

The principal exceptions are to the ruling of the court upon questions of evidence. When a case is tried by the court, without the intervention of a jury, the rule is that if the conclusion of the court is sustained by the legal evidence in the case, this court will not reverse, for erroneous rulings on questions of evidence, unless there was evidence erroneously excluded, which should have been admitted, and, if admitted, justified and required a different conclusion.—*Holmes v. State*, 107 Ala. 24.

Another rule is that when a case is tried by a jury the tendencies of the evidence given in the abstract are sufficient to test the correctness and relevancy of instructions given or refused to the jury; but when the facts are tried by the court, a mere tendency of the evidence is not sufficient to put the trial court in error. Enough must appear affirmatively to put the trial court in error.

Very many of the objections to which exceptions were taken were mere general objections, the defendant not specifying any ground of objection. Again, unless the statement of facts in the abstract is sufficient to show the relevancy of questions, this court will not presume the exis·ence of such facts from the questions propounded, unless it is apparent from the questions themselves. *Boland v. Louisville & Nashville R. R. Co.*, 106 Ala. 641.

There is evidence in the counter abstract, verified by the record itself, that the remodelled machine failed to turn out. either in quantity or quality, the ice guaranteed, and that the additions and changes made added nothing whatever to its value, and that defendants, though requested, failed and refused to comply with their covenant of guaranty. It is a very old and equitable rule of law that one person will not be permitted to acquire the goods or property of another and retain them, without paying a fair equivalent; but the principle is equally just that where one undertakes to add to the value of another's property, for a compensation, and he adds nothing, and, as of the witnesses testiy

[McKay & Roche v. Southern Bell Telephone Co.]

renders it less valuable by the changes made, he is entitled to nothing. To hold otherwise would require the party to pay something for nothing. There is evidence to show that the defendant waived the use by plaintiff of the galvanized iron tank, and the judgment rendered shows that the defendant was allowed, as an offset, the amount agreed to be paid for the new shaft, evidenced by the note of plaintiff.

We find no error in the record, and the judgment must be affirmed.

Affirmed.