# Berlin Machine Works v. Alabama City Furniture Co.

## Statutory Action of Detinue.

1. *Trial by court without jury; error without injury.*—Where a cause is tried by the court without a jury, it will not be reversed on appeal for errors in the admission or exclusion of evidence, when the same conclusion should have been reached irrespective of the testimony admitted or excluded.

2. *Detinue; possession of defendant.*—In an action of detinue, the gist of the action is the wrongful possession by the defendant; and to authorize a recovery proof that the defendant was in possession of the property at the commencement of the suit is indispensable.

3. *Same; general issue; what is.*—The plea of *non detinet* presents the general issue in actions of detinue; but under the statute (Code of 1886, § 2675), an averment that "the allegations of the complaint are untrue," is a plea of the general issue.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of detinue, brought by the appellant against the appellee.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence the court rendered judgment in favor of the defendant, and from this judgment the present appeal is prosecuted. Under the opinion on this appeal, it is unnecessary to set out the facts in detail.

PUGH & HOOD, for appellants.—The defendant's plea of "not guilty" was insufficient as a plea of the general

[Berlin Machine Works v. Alabama City Furniture Co.]

ssue—the suit being an action of detinue.—*Lucas v. Pittman,* 94 Ala. 616.

GOODHUE & SIBERT, *contra.*—This was an action of detinue, and the cause was tried on the plea of the general issue. One fact necessary to be shown to entitle the plaintiff to recovery was that the defendant was in possession of the property at the time the suit was brought. There was absolutely no evidence to show that the defendant's intestate was ever in possession of the property. The plaintiff was, therefore, not entitled to recover.—*Henderson v. Felts,* 58 Ala. 590 ; *Lightfoot v. Jordan,* 63 Ala. 225 ; *Gilbreath v. Jones,* 66 Ala. 129 ; *Graham v. Myers,* 74 Ala. 432.

COLEMAN, J.—The appellant instituted the action of detinue, to recover certain personal property described in the complaint. The cause was tried by the court without a jury upon a plea of "not guilty." Where a cause is tried by the court without a jury, the rule is, that though the court may have erred in its rulings upon the admission and exclusion of evidence, if the same conclusion should have been reached, and there been no error in its rulings upon these questions, this court will not reverse.

An indispensable fact to be proven by the plaintiff in the action of detinue to authorize a recovery is, that the defendant was in possession of the property at the time of the commencement of the action. We have examined the abstract carefully, and find no fact tending to show that the defendant was at any time is possession of the property sued for, or any fact which would authorize such an inference.—*Behr v. Gerson,* 95 Ala. 438, and authorities. There is evidence to show that the Union Furniture Manufacturing Company purchased and received the property from the plaintiff, but none that the defendant obtained or at any time held the possession of it. Having failed to introduce evidence of possession by the defendant, the plaintiff did not make out its case, and the evidence excluded by the court, if it had been admitted, did not tend to cure this fatal defect in the plaintiff's proof. We notice that the plea in this case was "not guilty." No objection seem to have been made to the plea, and it seems to have been treated

throughout the trial as a plea of the general issue. We have so considered it. The plea of *"non detinet"* presents the general issue in actions of detinue.—Stephen on Pleading, pp. 173, 174; *Lucas v. Pittman,* 94 Ala. 616. By section 2675 of the Code of 1886, "an averment that the allegations of the complaint are untrue" is a plea of the general issue in actions of this character.

· Affirmed.