# First National Bank of Talladega v. Chaffin et al.

## Action upon a Note under Seal.

1. *Promissory note; admission of indebtedness thereon does not estop maker from denying payment.*—The fact that the maker of a note admitted to the transferee thereof that he owed a balance on said note and promised to pay it, does not estop the maker, upon being sued on said note by the transferee, from setting up the defense that the note had been paid, and from showing that there was nothing due on the note.

2. *Trial by court without jury; when error in admission of evidence requires a reversal.*—Where a cause is tried by the court without a jury, the admission of illegal evidence raises a presumption of injury and requires a reversal of the judgment, unless the remaining evidence is without conflict and is sufficient to support the judgment. (Overruling and modifying the following cases, in so far as they conflict with the rule here announced: *Scarbrough v. Borders & Co.*, 115 Ala. 446; *Berlin Machine Works v. Alabama Furniture Co.*, 112 Ala. 488; *York Manfg. Co. v. Bessemer Ice Manfg. & Storage Co.*, 111 Ala. 332; *McAnally v. Hawkins Lumber Co.*, 109 Ala. 307; *Ramey v. Peeples Grocery Co.*, 108 Ala. 476; *Holmes v. State*, 108 Ala. 24; *Bayonne Knife Co. v. Umbenhauer*, 107 Ala. 496; *Woodrow v. Hawving*, 105 Ala. 240; *McDonald v. Jacobs*, 85 Ala. 64; *Gaillard v. Duke*, 57 Ala. 619; *Hurt v. Nave*, 49 Ala. 459; *Kirksey v. Kirksey*, 41 Ala. 626; *Bogle v. Bogle*, 23 Ala. 544.) COLEMAN and HARALSON, JJ., *dissenting*.

3. *Evidence; admissibility of testimony as to ledger accounts.* In an action where one of the issues is as to the payment of the indebtedness sued for, ledger accounts between the parties and the testimony of a witness in relation thereto are inadmissible in evidence, when the accounts do not appear on their faces to be, and are not shown to have been, the original entries made contemporaneously with the sales and payments noted therein.

4. *Action on a note by transferee; testimony of maker as to payment to the payee in the notes inadmissible.*—In an action on a note by a transferee to whom said note had been transferred as collateral security, for a debt owing the transferee from the original payee in the note, who after said transfer had died, where the defendant, who was the maker of the note

pleaded payment to the payee without notice of the transfer, or that payment had been made to him as agent of the transferee, the defendant is, under the statute, (Code of 1896, §1794, Code of 1886, §2765), incompetent to testify that he had paid said note to said payee; the estate of the deceased payee being interested in the issue as to whether or not the note had been paid by the defendant.

5. *Evidence; objection to interrogatories.*—In an action on notes, where payment is set up as a defense, and to interrogatories propounded to a witness for the defendant there is attached copies of the notes sued on, it is no objection to questions asked said witness relating to the execution of said notes and the purpose for which they were made, that said questions have reference to copies of the notes, and the witness is requested to testify concerning copies, without producing the original, or accounting for the loss of the same; it not being pretended that the papers so attached to the interrogatories were not correct copies of the notes in suit and inquired about in the interrogatories, and the purpose of attaching said copies being merely to describe and identify the notes, so that the witness might intelligently testify about them.

APPEAL from the City Court of Talladega.
Tried before the Hon. JOHN W. BISHOP.

This suit was brought by the appellant, the First National Bank of Talladega, against the appellees, John W. Chaffin and Mrs. M. E. Chaffin; and counted upon three notes under seal, two for one hundred dollars each, and one for fifty dollars. These notes were made by the defendants and were payable to Warren F. Smith, by whom the plaintiff alleges they had been transferred to it.

The pleas and replications are sufficiently stated in the opinion. To the second replication defendants demurred, assigning several grounds, which were, in substance, as follows: 1st. No facts are averred that show that plaintiff changed its position, or claim to said notes by reason of such admission, and the bringing of this suit is no change in the rights of the plaintiff in respect to said notes. 2d. No facts are stated that show that plaintiff was induced to believe that the notes had not been paid, and because of such belief changed its previous position in respect to such notes, and such admission does not

[First National Bank of Talladega v. Chaffin *et al.*]

estop defendants from setting up the defense of payment. 3d. The facts stated fail to show any consideration for the alleged promise to pay $125 or $150, and the agreement to pay such sum set up in the replication, is without consideration and is founded upon a past consideration, and such agreement does not estop the defendants from setting up the defense of payment. 4th. The replication is a departure from the complaint, complaint declaring on three notes or bonds under seal aggregating $250, and such replication setting up a new independent agreement to pay $125 or $150. This demurrer was sustained. The cause was tried upon issue joined upon the first replication.

The uncontradicted evidence showed that the notes, under which plaintiff claimed, were made by the defendants to Warren F. Smith, and by him transferred to the plaintiff as collateral security. After the transfer was made by Smith to the plaintiff and before the said notes fell due, they were turned over to him, as agent of the plaintiff, to collect, being among a number of notes which were so turned over to said Smith by plaintiff, the proceeds of said notes to be returned to plaintiff. Some months after these notes were turned over to Warren F. Smith, he died without either returning the notes or accounting for the money, if any was collected on them. After his death demand was made upon his executors for the notes, but they were never turned over to the plaintiff, and then the defendants in this suit were notified that the plaintiff bank owned the notes, and for the defendants not to pay them to the executors of said Warren F. Smith. After this notice was given, one of the defendants stated that they had paid some on the notes, but still owed a balance of $125, and would pay the same in the fall. Relying upon this statement, that there was still a balance due on these notes, the plaintiff brought suit against the defendants. On the trial the defendants produced the notes, claiming to have them in their possession, they having been turned over to them by Warren F. Smith, and they also claimed to have paid them in full.

Under the opinion on the present appeal it is not necessary to set out the facts of the case in further detail.

[First National Bank of Talladega v. Chaffin *et al.*]

Defendants introduced as a witness E. J. Smith, who testified that he was one of the administrators of the estate of his brother, Warren F. Smith, and identified certain books as the books which had come into his possession as the ledgers of said Warren F. Smith. Witness was shown an account in said books of John W. Chaffin and Mary A. Chaffin, and asked the following question: "State whether or not the said payments shown by the said account to have been paid by John W. and Mary A. Chaffin were made to Warren F. Smith." Upon plaintiff's inquiry, the witness stated that he did not see any of the entries made, and did not know that they were correct, and that he had no personal knowledge of the payment of any money for the sale of any goods. After this statement by the witness the plaintiff objected to the foregoing question, on the following grounds, to-wit: 1st. The witness is testifying from an account shown not to be the original entry; 2d, it is hearsay; 3d, the witness is not shown to be competent to testify concerning the matters asked about. The objection was overruled, and plaintiff duly excepted. The witness testified in answer to the said question that the said payments were upon the books at the time the administrators received the same, and they were allowed by the administrators, and that the debits and credits were in the handwriting of Warren F. Smith, or of J. W. Hudson, his bookkeeper, who lived in the State of Georgia. Thereupon the plaintiff moved to exclude the answer of said witness to said question, on the same grounds as the objection to the question was based. The court overruled the said motion, and plaintiff duly excepted. The defendants then introduced the books of Warren F. Smith containing the accounts of John W. Chaffin and M. A. Chaffin. Plaintiff objected to the introduction of said accounts from the said books on the following grounds: 1st, they show by the evidence that they are not original entries which were made at the time the original transaction took place; 2d, they are not shown by competent evidence to be correct; 3d, they are illegal, irrelevant and immaterial. The objection was overruled, and the books were admitted, and plaintiff duly excepted.

John W. Chaffin was introduced as a witness, and in his testimony denied that he had admitted that 'he owed a balance on the notes sued on of about $125; but stated in his testimony that he had paid the said notes. The defendants asked witness the following question: "Did you, or not, deliver or turn over to Warren F. Smith the cotton raised by you and your mother during such year, or any part of such cotton, or the proceeds thereof?" Defendants objected to said question, on the following grounds, to-wit: 1st. It asks concerning a conversation and transaction with Warren F. Smith, who is dead, and whose estate is interested in the result of this controversy; 2d, it asks concerning a conversation and transaction with third parties, and the plaintiff was not present. Said objection was over-ruled, and plaintiff duly excepted. In answer to said question, the witness stated that he turned over all the cotton to Warren F. Smith, and that he received receipts from said Smith for a portion of said cotton turned over to 'him, and said cotton was turned over to said Smith to pay the notes sued on and the accounts for which the notes were given. The plaintiff moved to exclude the answer of said witness to said question, on the same grounds as were the foundation of the objection urged to the question. The motion was overruled, and plaintiff duly excepted. This witness was also asked to state whether or not he and his mother 'had paid W. F. Smith anything on his notes or indebtedness. Plaintiff objected to this question, upon the grounds that it called for illegal and irrelevant evidence; that it related to a transaction with Warren F. Smith, who is dead, and whose estate was interested in the result of the controversy, and because it called for testimony concerning transactions between third parties, at which plaintiff was not present. This objection was overruled and the plaintiff duly excepted.

The defendants then introduced the deposition of J. W. Hudson, who testified in substance that he was acquainted with the parties to the suit and was book-keeper for Warren F. Smith during his lifetime; that said Smith was engaged at that time in a general merchandise business in Sylacauga, Alabama, and the defendants traded with said Smith. He stated that he

never heard the said W. F. Smith say that the copies of certain notes which were attached to the deposition as Exhibit A, and which were the copies of the notes sued on, 'had been settled, but, to the best of his recollection, they were delivered to the defendants; but he did not remember being present at the time they were so delivered, or were paid. That the notes were given by the defendants to Smith early in the spring of 1893 for advances to be furnished during the year, as they might be required by the defendants, and that Smith advanced more than the amount of the notes to the defendants during the year, and that in the fall of 1893, or some time in the early part of 1894, a settlement was had with the defendants, and the notes were paid, but he had no remembrance of the circumstance and did not remember to whom the payments were made or to whom the notes were delivered. To the interrogatories filed by the defendants there were attached copies of the notes under seal, or bonds sued on, marked "Exhibit A." The plaintiff objected to the several questions contained in the said interrogatories, which inquired about the execution of said notes, and the purposes for which they were made. The grounds of each of these objections were, 1st, that said questions ask concerning the copies of notes, and said witness is asked to testify concerning copies, without producing the originals or accounting for the loss of the same; and 2d, that there is higher and better evidence of said notes. These several objections were each overruled, and to each of these rulings the plaintiff separately excepted.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence the court rendered judgment in favor of the defendants. To the rendition of this judgment the plaintiff excepted. Plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

KNOX, BOWIE & DIXON, for appellant.—1. The court erred in sustaining demurrers to the rejoinder of estoppel; and holding that the defendants were not estopped to plead payment. Plaintiff changed its position and incurred expenses in bringing

the suit relying on the statement of defendant that there was a balance due on the notes.—See *Myers v. Byars,* 99 Ala. 484; Bigelow on Estoppel, 550; *Stevens v. Ludlum,* 13 L. R. A. 270, Note; 2d Herman on Estoppel, 752; *Meister v. Birney,* 24 Mich. 435; *Robb v. Shephard,* 50 Mich. 189; 7 Amer. & Eng. Encyc. of Law, p. 21; *Ashworth v. Brown,* 15 Phil. (Pa.) 207.

2. There is error in the ruling of the court in allowing the defendant John W. Chaffin to testify concerning transactions with Warren F. Smith, for the reason that Smith was dead and his estate was pecuniarily interested in the result of this suit.—Code of 1886, §2765, and amendment thereto Acts, '90-91; *Dismukes v. Tolson,* 67 Ala. 386; *Hodges v. Denny,* 86 Ala. 226; *Warten v. Strane,* 82 Ala. 312; *Louis v. Easton,* 50 Ala. 470; *Drew v. Simmons,* 58 Ala. 463.

3. The court erred in allowing the introduction of the books of Warren F. Smith in evidence and in overruling the objection of plaintiff to the question asked E. J. Smith as shown on page six (6) of the abstract, and to testify concerning the payments shown by the books, on the ground that there was higher and better evidence, and also that it was shown by the evidence that the entries on the books were not made contemporaneously with the facts to which they related, and by one having personal knowledge of the facts.—*Dismukes v. Tolson,* 67 Ala. 386; *Moore v. Annison,* 5 Porter, 105; *Horton v. Miller,* 84 Ala. 537; *Powell v. State,* 84 Ala. 444.

4. The court erred in overruling the objections to the questions asked about copies of papers without producing the originals or accounting for their loss, and called for conclusions of the witness; and also erred in overruling plaintiff's objections to the answers to said questions.—1 Greenleaf on Evidence, §89.

5. We are aware that in the case of *Woodrow v. Hawving,* 105 Ala. 249, and also in the case of *Ramey v. Peeples Grocery Co.,* 108 Ala. 476, that this court has held the provision in act creating the city court of Talladega, that the Supreme Court will review the conclusion and judgments of the city court without any presumption in favor of the rulings of

the court below on the evidence, applies only
to cases where all the legal evidence and data
are before the trial court, and not where the witnesses
were examined *ore tenus;* but we do not believe
that the Supreme Court will hold that where there was
clearly erroneous evidence, as we believe there was in
this case, admitted under the idea of the trial court that
it was legal evidence, and the same was considered by
the lower court as legal evidence, and in considering
the same as such has reached a conclusion which proba-
bly would not have been reached otherwise, that they
would not reverse the case on the admission of this tes-
timony, especially, as we contend in this case, if the ille-
gal testimony was excluded there would have been no
sufficient testimony remaining to sustain the defend-
ants' plea of payment.

WHITSON & GRAHAM, *contra.*—1. The ruling of the
court in sustaining the demurrer to the replication was
correct. At most, all that is averred in the replication
is that after the notes fell due and while held by plaint-
iff, defendants admitted to plaintiff that they were in-
debted "thereon in the sum of $125 to $150, and agreed
with plaintiff to pay such sum, and upon such repre-
sentation plaintiff brought this suit, and defendants are
estopped to set up the defense herein sought to be
pleaded." Such facts do not deprive the defendants of
the right to set up the plea of payment, or any other
legal defense to the notes. And a promise to pay plain-
tiff 125 or 150 dollars, as therein averred, was without
consideration or founded wholly on a past considera-
tion.—*Ware, Murphy & Co. v. Morgan,* 67 Ala. 461.

2. It is equally true that an admission that they owed
a part of the debt, and a promise to pay the same by
the defendants, as averred, does not estop them from
setting up the defense of payment, and such promise to
pay said amount, as is averred, is gratuitous and with-
out consideration.—*Ware v. Morgan,* 67 Ala. *supra;*
*Kelly's Heirs v. Allen,* 34 Ala. 664; *Ware v. Cowles,* 24
Ala. 449; *Finn and Delancy v. Barclay,* 15 Ala. 626;
*Clemens v. Loggins,* 1 Ala. 623; *Huckabee v. Albritton,*
10 Ala. 657; *Carroll v. Malone,* 28 Ala. 521; *Jones v.*

*McPhillips,* 82 Ala. 102; *Leinkauff v. Munter,* 76 Ala. 194; *Sullivan v. Conway,* 81 Ala. 153.

3. Whatever claim or interest plaintiff had in said notes, it possessed at the time the declarations were made, and was and is the same it held at the time of bringing this suit. It parted with nothing of value, did nothing to its detriment, and in fact did not change its position in respect to such notes, because of such alleged statements and declarations. The doctrine of estoppel rests for its vindication on the manifest idea that to allow such representation to be gainsaid, would be a fraud on him who had acted on the faith of it, believing it to be true. The element of fraud is essential, either in the intention of the party estopped or in the effect of the evidence he attempted to set up.—*Jones v. McPhillips,* 82 Ala. 102, and authorities cited; *Leinkauff v. Munter,* 76 Ala. 198; *Sullivan v. Conway,* 81 Ala. 153; and authorities *supra.*

4. Bringing a suit is not such a change of position or liability incurred by plaintiff as would constitute such an admission of indebtedness, or promise to pay such an amount, an estoppel *in pais,* cutting off all defense against plaintiff's claim. *Non constat,* but the plaintiff would have brought the suit without such statements. The promise to pay the sum of $125 or $150, as averred in the replication, is gratuitous and without consideration, or is founded wholly on a past consideration. *Crim v. Nelms,* 78 Ala. 608; *Ware v. Morgan,* 67 Ala. 461; *Kenan v. Holloway,* 16 Ala. 59; 1 Brickell's Digest, 385, §124.

5. The testimony of E. J. Smith indentifying the books of Warren F. Smith, and that the entries of credits or payments on the accounts of M. A. Chaffin and Jno. W. Chaffin, were in the handwriting of Warren F. Smith, who was dead, and of J. W. Hudson, his bookkeeper, who was living in the State of Georgia, and were on such books and accounts when the same came into his hands as administrator, was competent. Such books were shown to have been kept in the regular course of business, and the entries purport to have been made at or about the time of the transaction.—*Elliott v. Dycke,* 78 Ala. 157; *Bank of Montgomery v. Plannett,* 37 Ala. 226; *Hancock v. Kelly,* 81 Ala. 378; *McDonald*

*v. Carnes,* 90 Ala. 148; *Bolling v. Fannin,* 97 Ala. 619; *Hart v. Kendall,* 82 Ala. 147.

McCLELLAN, J.—This action is prosecuted by the appellant bank against John W. and M. A. Chaffin for the recovery of money which defendants by writing under seal had promised to pay W. F. Smith, the transferror of plaintiff. Defendants pleaded: (1) payment; (2) payment to Smith without notice that the obligations had been by him assigned to plaintiff; (3) payment to Smith shortly after maturity, and that the bonds were then surrendered to them by Smith; and (4) payment to Smith who had the obligations for collection as agent of the bank, and who upon such payment surrendered the same to defendants. Plaintiff filed replications to said pleas as follows: "1st. That all the said pleas are untrue. 2nd. That said defendants are estopped from setting up said defense in said suit, for that before the bringing of this suit, and after the said notes fell due and after notice from said plaintiff that it held said notes [and after the time defendants claim to have paid said notes], the defendants stated to the plaintiff that they were indebted upon said notes in the sum of $125 or $150, and agreed with the said plaintiff to pay said sum, and that upon the said statement and representation of the said defendants the said plaintiff brought this suit, and plaintiff alleges that said defendants are estopped thereby, and cannot set up the said defense herein sought to be pleaded." Defendants' demurrer to this replication was sustained by the court; and the propriety of that ruling is challenged by the first assignment of error.

The demurrer was properly sustained. The gist of the replication is that defendants admitted owing a balance on the notes, and promised to pay it. The admission can operate only evidentially as going to show indebtedness, and not by way of estoppel to show the truth of the admission to the contrary notwithstanding. And the promise to pay is not supported by a consideration unless in point of abstract fact there was an unpaid balance; in which latter case the promise would be of no advantage to plaintiff—except, perhaps, as tending to show a balance unpaid on the original obli-

gation—since recovery could be had on the notes themselves without the new promise. The case of *Myers v. Byars*, 99 Ala. 484, upon which reliance is put by appellant in this connection, is clearly distinguishable from the case at bar. In that case Myers agreed with Byars and Landrum to hold $1,000, part of a certain fund, to await the decision of the courts as to whether that sum belonged to Byars or not, and the action against Myers for the sum he thus agreed to hold was brought upon his assurance to Byars that he had received the fund and then had it. Myers was held estopped to disclaim or deny his receipt and possession of the fund, on the same principle that a party who represents that he has possession of chattels, choses in action or valuable papers, and thereby induces an action of detinue for their recovery, is held estopped to deny or disclaim such possession.—*Sullivan et al. v. Conway*, 81 Ala. 153; *Hall v. White*, 3 C. & P. 136. But the principle has never been applied to a mere admission of indebtedness.

This cause was tried upon oral testimony by the judge of the city court without a jury, as authorized by the statute creating that court. On the issue of payment *vel non*—the only issue in the case—there was much of illegal and incompetent testimony adduced by the defendants against the objection of the plaintiff. If, however, all this had been rejected, and only the legal evidence set forth in the abstract had been introduced, it would, though conflicting, be sufficient to support the conclusion of the court, that the notes sued on had been paid, on appeal to this court under the rule for revising such conclusions declared in *Woodrow v. Hawving*, 105 Ala. 240. And it has been repeatedly, though not uniformly, held, before and since, as also in that adjudication, that, in such case on appeal, the conclusion and judgment below will be referred to the legal evidence before the trial court, and concurred in and affirmed notwithstanding the errors committed in the admission of illegal testimony.—*Knife Co. v. Umbenhauer*, 107 Ala. 496; *Holmes v. State*, 108 Ala. 24; *Woodrow v. Hawving, supra; Kirksey v. Kirksey*, 41 Ala. 626; *Gaillard v. Duke*, 57 Ala. 619. But, with obvious propriety, it has been decided that the rule just

stated does not apply, "when it appears that the judg-
ment was based upon illegal evidence, which was re-
ceived against the objection and exception of the appel-
lant, and without which the judgment cannot be sup-
·ported."—*Dolan v. Dolan*, 89 Ala. 256. On the other
hand, in the best considered case we recall upon this
subject, the rule itself was expressly and unequivocally
repudiated, upon grounds which carry conviction of the
correctness of the conclusion reached with them, when
we keep in mind that the trial judge in such cases is the
jury, that his finding of fact will be disturbed only upon
such appearance of error therein as would justify the
setting aside of the verdict of a jury, that the appellate
court cannot know that such finding was uninfluenced
by illegal testimony any more than it can know that tes-
timony improperly allowed to go to a jury was without
effect upon their verdict, and hence in neither case can
be assured that the erroneous admission of testimony
worked no injury to the party objecting; and, finally,
that the application of the rule to any case in which the
legal evidence is materially conflicting may well lead
to and require the affirmance of a judgment which never
should 'have been rendered, and which would not have
been rendered but for an erroneous view taken by the
trial judge as to the admissibility of testimony. The
case referred to is *Harwood, Admr. v. Harper et al.*,
54 Ala. 659. There the rule for revising the conclusion
of fact reached by a judge sitting without jury is de-
clared to be that a judgment or decree based upon and
following such conclusion will not be reversed unless
it is manifestly wrong; "and where illegal evidence is
admitted, the presumption of injury arises, compelling
a reversal, unless the remaining evidence is without
conflict, and supports the judgment." The opinion on
this point by BRICKELL, C. J., is so clear that we venture
to reproduce it here: "The court of probate, on the
settlement of administrations, determines questions of
fact without the intervention of a jury. Its action
upon the whole evidence thus becomes matter of law,
revisable on error. It has grown to be a rule of prac-
tice not to reverse its judgment on the facts unless it is
manifestly wrong. In *Bogle v. Bogle*, 23 Ala. 544, it
is held, when the whole evidence is set out, its judgment

should not be reversed, if, rejecting illegal evidence which may have been received, enough remains to support it. In *Mims v. Sturdevant*, 23 Ala. 664, the decree of the court was reversed for the single error of admitting incompetent evidence, though it was urged the admission of such evidence worked no injury, as without it there was abundant evidence to support the decree. The court said in answer: 'It is true the bill of exceptions sets out much other evidence, but it is not for this court to say that the proof was abundant without the evidence in question, and that, therefore, no injury could arise from the admission of the testimony. The rule of this court is, that it will presume injury from error, unless the record itself rebuts the presumption. This the record, in our opinion, does not do. We may have our own private opinion as to which side has the advantage in the weight of testimony offered, but we cannot pretend to say the court below was not materially influenced by the evidence in question. If the defendants in error would avail themselves of the principle which they invoke, they should show by the bill of exceptions, or in some other manner by the record, that the court below was in no respect influenced by the testimony admitted, or that no injury resulted to the plaintiff in error from the ruling of the court.' Again it is said, the question was one purely of the competency of the evidence offered. In *Kirksey v. Kirksey*, 41 Ala. 626, without any reference to former decisions, it was said, in revising the decree of the court of probate on a final settlement, each assignment of error relating only to the admission or rejection of evidence, that 'in passing on the merits of the case, we must look at the evidence, as the probate judge should have done; and, consequently, no injury will result from the admission of illegal or irrelevant testimony.' The decree of the court of probate was reversed, and yet the only errors the court could have committed was in the admission or exclusion of evidence. It cannot be doubted that when illegal evidence is admitted, or legal evidence excluded, on a trial before a jury, the error creates presumption of injury, compelling a reversal, unless the presumption is repelled. We do not propose now to examine the various decisions on the point, but a criti-

cal analysis of them will result in this, that the evidence admitted, or rejected, discarding all considerations of its credibility, was merely superfluous or cumulative, when the presumption of injury has been regarded as repelled. The court has never assumed to enter the jury box, and say the jury ought not to have been affected by the evidence admitted, or could not have been by the evidence excluded, if it had been admitted. It is enough that the one or the other could have had a legitimate influence on the jury. How far the jury ought to have been controlled by the one or the other is a matter resting in the honest, enlightened and just discretion of the court, on a motion for a new trial. In our system, the judge is often substituted for the jury, and is made not only to declare the law, but is the trier of facts. From his judgment an appeal lies to this court. The record discloses all the evidence, and that parts of it were admitted, against the party complaining of error. How can this court pronounce judgment? A judgment should never be reversed here, unless it can be said, in the language of the common law writ of error, there is 'manifest error to the great prejudice' of the party appealing. When error is found, the presumption of prejudice or injury arises, and unless it is clearly repelled, a reversal must follow. If illegal evidence has been admitted the judgment must be reversed, unless the remaining evidence is without conflict, and supports the judgment. When there is conflict, and the judgment can be supported only by an inquiry as to the credibility of the witnesses, and the preponderance of evidence, it is better to submit that question anew to the decision of the primary court, which can have the witnesses before it, and, observing their demeanor, is the better able to pass on their credibility. Discarding the evidence we have declared inadmissible, that remaining is in painful conflict, and without expressing an opinion as to its weight, we are not prepared to render judgment on it."

We see no escape from the conclusion enforced by these views. The conclusion, indeed, follows so logically and necessarily from the premises—a trial of an issue of contested fact on oral testimony by a judge sitting as a jury, the admission of illegal evidence, con- ·

flicting legal evidence—that we are impelled to return to and adopt it as embodying the true rule of appellate action in such cases, notwithstanding our reluctance to overrule or modify so many of our own decisions taking a contrary view.

The judgment now before us must be reversed, therefore, since we have assurance neither that it should nor that it would have been rendered by the judge of the city court had the illegal evidence been rejected by him; and, for the purposes of another trial, we will avert briefly to the court's rulings upon the admissibility of testimony.

The ledger accounts of Warren F. Smith, deceased, against the defendants and the testimony of E. J. Smith in relation thereto should have been excluded for the reason that said accounts do not appear *prima facie,* and are not shown to have been, the original entries made contemporaneously with the sales and payments noted in them.—*Dismukes v. Tolson,* 67 Ala. 386; *Horton v. Miller,* 84 Ala. 537.

The notes sued on having been made to Warren F. Smith and by him transferred to the plaintiff as collateral security to a note which plaintiff held against him, his estate, he being dead, was obviously interested on the issue whether they had been paid by the defendants to him in his lifetime, as the agent of the plaintiff, or without notice of the transfer; and under the statute, John W. Chaffin, a party defendant to the action, was incompetent to testify that he had paid the notes to Smith.—Acts, 1890-91, p. 557; *Dismukes v. Tolson,* 67 Ala. 386.

There was no error in overruling the objections to interrogatories propounded by defendants to the witness Hudson. It is not pretended that the papers attached to the interrogatories marked "Exhibit A" were not correct copies of the notes in suit and inquired about in the interrogatories; and the purpose of attaching these copies was merely to describe and identify the notes to the witness that he might intelligently testify on the issue of their payment; and with no view of proving the contents of the notes.

For the errors committed by the trial court in the admission of the book accounts and the testimony of E.

J. Smith as to the payment of said accounts, of which it was shown he had no knowledge except that derived from the accounts themselves, and in the admission of the testimony of one of the defendants in reference to payments made to Warren F. Smith in his lifetime, the judgment of the city court must be reversed. The cause will be remanded.

Reversed and remanded.

COLEMAN, J., *dissenting.*—This case was tried by the court without the intervention of a jury, and judgment rendered for the defendants. It cannot be questioned that the court erred in the admission of illegal evidence offered by the defendants; and the first question for consideration is, whether such error as matter of right entitles the appellant to a reversal. The rule settled by a long line of decisions, to which there have been but few exceptions, is, that where the court decides upon the facts as well as pronounces the law, if the legal evidence justified the finding, the judgment would be affirmed, notwithstanding the court had admitted the introduction of illegal evidence.

In the case of *Bogle v. Bogle,* 23 Ala. 544, the court uses the following language: "We consider it unnecessary to inquire into the rulings of the court upon the other portions of the evidence. Much of it was illegal, but if it had all been rejected, we think enough remains to sustain the judgment of the court; and as under the act of 11 February, 1850, (Pamphlet Acts, 27), it is the duty of the court to decide questions of fact, growing out of administrations, without the intervention of a jury, unless upon the application of one of the parties, it follows that its action upon the whole evidence is a matter of law, and revisable here in the same manner as the decision of the court upon questions of fact arising upon a trial in the common law forums, which are referred to the court rather than the jury; as where the competency of a witness is to be determined, the loss of a writing, or other questions of a like character. In these cases, this court will look to the whole evidence, if it is to be found in the record, and will not send it back for another trial, if enough remains to sustain its judgment, rejecting testimony which may have been illegally admitted."

In the case of *Kirksey v. Kirksey,* 41 Ala. 626, 635, the court uses the following language: "In passing on the merits of the case, we must look at the evidence as the probate judge should have done; and consequently no injury will result to appellants from the admission of illegal or irrelevant testimony." In the case cited, the court critically examined the legal evidence, though conflicting, and reversed the judgment, not because of the admission of illegal evidence, but because the legal evidence did not warrant the finding of the trial court.

In *Hurt v. Nave,* 49 Ala. 459, it was said: "When a cause is tried without the intervention of a jury, the appellate court will not scan with critical accuracy, mere technical objections to evidence which was admitted, but will presume that the presiding judge, in making up his decision, disregarded all illegal evidence."

In *Gaillard v. Duke,* 57 Ala. 619, the same rule was held, the court declaring, that the cause would not be reversed, because of the admission of irrelevant testimony.

In *McDonald v. Jacobs,* 85 Ala. 64, it was held that the admission of illegal evidence, "would be error without injury, as the decree of the probate court is fully sustained without this evidence."

In *Dolan v. Dolan,* 89 Ala. 256, it was said, that the rule does not apply "when it appears that the conclusion and judgment of the court are based upon illegal and incompetent evidence, without the consideration of which the finding cannot be supported."

In *Woodrow v. Hawving,* 105 Ala. 240, it was held that when the case was tried by the court without a jury, although the trial court may have erred in the admission of evidence, yet if the judgment is sustained by all the legal evidence, this court will not reverse the case.

In *Holmes v. The State,* 108 Ala. 24, the same rule was declared, the court saying, "the presumption being here indulged that the action of the court in rendering its judgment, was induced by and rested upon the sufficient legal evidence."

In *Ramey v. Peeples Grocery Co., Ib.* 476, we have the same principle declared; also in *Bayonne Knife Co. v. Umbenhaucr,* 107 Ala. 496; *Manufacturing Co. v.*

*Bessemer Co.,* 111 Ala. 332; *Machine Works v. Furniture Co.,* 112 Ala. 488.

Other cases might be cited. In one of the latest decisions by this court—*Scarbrough v. Borders,* 115 Ala. 436—the legal evidence was conflicting, and there were exceptions to the rulings of the court upon the admission of this testimony. Following the many decisions of this court, HARALSON, J., speaking for the court, said: "The court rendered judgment on the evidence in favor of the defendant. We will not review the evidence. It was not free from conflict." "On the trial by the court without a jury, error in the admission of evidence will not work a reversal, if the judgment rendered is sustained by the legal evidence." The case was affirmed, on the ground that the legal evidence sustained the judgment, although there was conflict in the legal evidence, and although the record may have shown the admission of illegal evidence. This principle was clearly recognized in the case of *Dolan v. Dolan,* 89 Ala. 256, the court adding that it has "no application, when it appears that the conclusion and judgment of the court are based upon illegal and incompetent evidence, without the consideration of which the finding cannot be supported." The rule with this qualification has become the settled law of this State.

It is true that in the case of *Harwood v. Harper,* 54 Ala. 669, it was said, "if illegal evidence has been admitted, the judgment must be reversed, unless the remaining evidence is without conflict and supports the judgment." This rule is at variance with the established doctrine of this court, when applied to cases tried by the court without a jury. It is rare that a case tried by the court without the intervention of a jury, comes to this court for review in which there was no conflict in the evidence, and it has never been held or contended, that a mere conflict in the evidence entitled the appellant to a reversal. If the rule stated in *Bogle v. Bogle,* 23 Ala. 544, 546, that "in these cases (tried by the court without a jury), this court will look to the whole evidence, if it is to be found in the record, and will not send it back for another trial, if enough remains to sustain its judgment, rejecting testimony which may have been illegally admitted;" and in *Kirk-*

*scy v. Kirksey*, 41 Ala. *supra*, p. 655, where it is said: "Part of their evidence was clearly admissible and other parts were objectionable.   *   *   *   All the evidence being set out, and being addressed to the court, and not to the jury, it was at most error without injury.   *   *   *   In passing on the merits of the case, we must look at the evidence as the probate judge should have done, and consequently no injury will result to appellants from the admission of illegal or irrelevant testimony;" and in the many other cases cited *supra*, be applied, the illegal and irrelevant evidence will be rejected, and the cause considered precisely as if there had been no illegal evidence admitted.   There has always been a distinction, in cases tried by the court without a jury, and cases where the facts were submitted to a jury.

In view of the long line of decisions, establishing the practice of this court, all of which must be set aside and overruled, in order to declare the principle now contended for, namely, that if on a trial by the court without a jury, there is error in the admission of evidence, the case must be reversed, unless all the legal evidence is without conflict and supports the judgment of · the trial court, we cannot yield our assent to its adoption.

We will now briefly refer to the evidence.   After rejecting the illegal evidence, to-wit, the ledger accounts of Warren F. Smith, deceased, against the defendants, and the testimony of E. J. Smith, in relation thereto *(Dismukes v. Tolson,* 67 Ala. 386; *Horton v. Miller,* 84 Ala. 587), and the testimony of John W. Chaffin, a party defendant to the action, that he had paid the notes to Smith in his lifetime, as the agent of the plaintiff to collect them, (Acts of 1890-91, p. 557; 67 Ala. *supra)* the only material conflict relates to the admission of one of the defendants, John W. Chaffin, as to whether there was a balance due on the notes sued upon.   There was no conflict of the execution of the notes, the transfer to plaintiff by the payee, Warren F. Smith, as collateral security, their re-delivery subsequently to him, and that he was to collect the notes as the agent of the plaintiff.   John W. Dixon, a disinterested witness, testified that the defendant admitted on two occasions, that there was still due on the notes

about $125.   B. F. Cliett, a disinterested witness in-
troduced by the defendant, testified that John W. Chaf-
fin admitted to Dixon that he owed from $100 to $125
on the note.   There was the letter also, signed "John
W. Chaffin, May A. Chaffin, his mother."

John W. Chaffin himself denied having stated that
he owed any amount on the notes, but admitted that he
said his mother owed a balance on account to W. F.
Smith, and that he thought it was about one hundred
dollars.   If there were no other facts to support the
plea of payment but those stated, we might proceed to
render judgment for plaintiff, but there are some other
facts in the case, and there are circumstances which
lead us to believe the existence of legal evidence, as to
facts which we are not at liberty to consider, in the con-
dition of the record.   The record presents a case which
in our opinion necessitates a reversal and remandment
of the cause, that exact justice may be done between
the parties.

Where a mortgage secures a note and also such addi-
tional indebtedness as may be contracted, if the mort-
gaged property is applied to such additional indebted-
ness in preference to the notes, it cannot be said to
have been illegally applied, there being no direction or
agreement that it should be otherwise applied.

We think the demurrer to plaintiff's replication prop-
erly sustained, and we find no error in overruling the
objections to interrogatories propounded by the defend-
ants to the witness Hudson.

HARALSON, J., concurs in the foregoing opinion.   All
concur in the reversal of the judgment of the trial
court.