Best v. Dean.

8   519<br>78   215

BEST v. DEAN.

Section 1811 of the Code, does not apply to cases appealed from justices of the peace, by the party against whom judgment is rendered, and where, upon trial in the district court, the judgment rendered against the appellant, is less than that rendered by the justice.

Where a defendant appeals from a judgment rendered by a justice of the peace, and the plaintiff in the district court, recovers a less judg-

---

Best v. Dean.

ment than was rendered by the justice, he is entitled to recover the costs made subsequent to the appeal.

*Appeal from the Lee District Court.*

SATURDAY, JUNE 11.

IN an action commenced before a justice of the peace, upon an account for work and labor done, plaintiff recovered judgment in the sum of thirty-nine dollars and fifty cents, and from this judgment defendant appealed to the district court. In that court, plaintiff recovered judgment for twenty-one dollars and fifty cents, and the costs before the justice, and he was required to pay the costs made subsequent to the appeal. Plaintiff appeals.

*F. Semple,* for the appellant.

*J. M. Beck,* for the appellee.

WRIGHT, C. J.—The only question in this case is, whether the plaintiff, having recovered a less amount in the district court than before the justice, was entitled to recover, also, the costs made subsequent to the appeal. Of this, there is no fair room for doubt.

Section 2345 of the Code, has reference to a case where, the party recovering the judgment before the justice, appeals; and if not more successful on appeal, than in the justice's court, he must pay the costs of the appeal. If the party against whom the judgment is rendered by the justice, appeals, and he desires to avoid the costs of the appeal, in the event that the appellee shall still recover some amount, he, (the appellant), must proffer to pay a certain amount, with costs, as contemplated by section 2546, and should the appellee recover less than the amount so proffered, he must pay the costs of appeal.

Section 1811 of the Code, was not intended to meet such a case as this. *Powell* v. *Western Stage Co.,* 2 Iowa, 50.

Judgment reversed.