48   365
80   404

HOWDER v. OVERHOLSER.

1. Costs: APPORTIONMENT OF. Where, in an action before a justice of the peace upon four separate items of demand, the judgment of the justice in favor of the plaintiff was appealed from, and the plaintiff recovered one dollar in the Circuit Court, *held*, that the case was a proper one for apportionment of costs.

*Appeal from Woodbury Circuit Court.*

SATURDAY, APRIL 20.

PLAINTIFF sued the defendant before a justice of the peace for breach of warranty on three farming implements, claiming twenty-five dollars damages on one and eight dollars damages

on each of the others. He also claimed fifty cents for dray-age. The answer was a general denial. There was a trial by jury, and a verdict and judgment for plaintiff for twelve dollars. Defendant appealed to the Circuit Court, and the same issues were there tried by jury, and a general verdict was rendered for the plaintiff for one dollar. The defendant filed a motion to tax the costs in the Circuit Court to the plaintiff because appellant received a more favorable judg-ment than that appealed from. The court sustained the motion in part by ordering that the plaintiff pay one-third of all the costs, including the costs which accrued before the justice of the peace. From this order plaintiff appeals to this court.

*Constant R. Marks*, for appellant.

*Vanatta & Son*, for appellee.

ROTHROCK, CH. J.—Section 2933 of the Code provides: "Costs shall be recovered by the successful, against the losing party. But where the party is successful as to a part of his demand, and fails as to part, unless the case is otherwise provided for, the court may, on render-ing judgment, make an equitable apportionment of the costs."

1. COSTS: apportion-ment of.

This was an action upon four separate items of demand. The aggregate amount claimed was forty-one dollars and fifty cents. The recovery in the Circuit Court was one dollar. We have held that where there is a single entire claim, upon which a party recovers an amount less than he demanded, there can be no apportionment of costs under the section of the statute above quoted. *Upson v. Fuller*, 43 Iowa, 409.

But this action was founded upon separate and distinct causes or claims, and we think it was a proper case for an equitable apportionment of costs. The fact that there was a general verdict for one dollar will not authorize the presump-tion that a recovery was had on all of the items claimed, in the absence of an affirmative showing to that effect.

Howder v. Overholser.

It is urged that the section above quoted is not applicable to this action, because costs, in appeals from justices of the peace, are regulated by sections 3592 and 3593 of the Code.

Section 3592 provides that "the appellant must pay the costs of the appeal unless he obtains a more favorable judgment than that from which he appealed." By section 3593 it is provided: "If the judgment below is against the appellant, he may proffer to pay a certain amount with costs, and if the final amount recovered be less favorable to the appellee than such proffer he shall pay costs of appeal."

The first of the above sections is applicable only to appeals taken by the party who recovers a judgment. *Best v. Dean,* 8 Iowa, 519. Section 3593 would control the rights of the parties if the defendant had proffered to pay an amount with costs greater than that finally recovered. As he did not do so, we think the court was not precluded from making an equitable apportionment of costs under section 2933. The defendant is no more concluded from demanding the proper apportionment than he would be in an original action.

The case of *Best v. Dean, supra,* is not inconsistent with the rule here announced. It was held in that case that where a defendant appealed from a judgment rendered against him by a justice of the peace, and, upon the trial of the appeal, the plaintiff recovered a less amount than was rendered by the justice, the plaintiff is entitled to recover the costs upon appeal. There was no other question in that case. The question of the apportionment of costs was not presented.

AFFIRMED.