# Bozeman *v.* Bozeman.

*Application by Administrator, for Sale of Lands for Equitable Division.*

1. *Affidavit for taking depositions.*—On application by an administrator for an order to sell lands, whether for the payment of debts or for distribution (Code, §§ 2447–49, 2454–57), the facts on which the application is based are required to be proved by depositions, and no affidavit is required, as in other civil cases at law; nor is any affidavit required of the contestants, to authorize the taking of depositions to establish any defense.

2. *Error without injury in rulings on evidence.*—In a case tried before the probate judge without a jury, the erroneous admission or exclusion of evidence will not work a reversal, when the correctness of the decree is clearly established by the other evidence set out.

3. *Adverse possession by heir, as defense against order of sale.*—The possession of one of the heirs and distributees for twenty years or more, holding adversely, notoriously, and exclusively, by independent claim of right in himself, is a bar to an order of sale for equitable division on petition of the administrator.

APPEAL from the Probate Court of Crenshaw.

Heard before Hon. W. F. MAHONE, register in chancery, sitting *pro hac vice* as probate judge.

In the matter of the estate of Josiah Bozeman, senior, deceased, on the application of T. H. Bozeman, as administrator, for an order to sell lands, on the ground that they could not be equitably divided without a sale. Said Josiah Bozeman, senior, died intestate, in October, 1841; and letters of administration on his estate were granted to said T. H. Bozeman on the 15th January, 1886. The petition for an order to sell the lands was filed on the 16th September, 1886; and it was contested, as the record now shows, by the children and heirs at law of Josiah Bozeman, junior, deceased, who was a son of said Josiah Bozeman, senior. The grounds of contest were, that the lands did not belong to the estate of said Josiah Bozeman, senior, and that the contestants' father had been in the adverse possession thereof, under claim of title, for more than twenty years. The contestants took the depositions of several witnesses, who testified to the long-continued possession of said Josiah Bozeman, junior, and acts of ownership by him, clearing and cultivating the lands, renting them out, paying taxes, &c. The administrator

[Bozeman v. Bozeman.]

moved to suppress these depositions, because they were taken without any statutory affidavit authorizing them; and he excepted to the overruling of his motion.   The contestants offered in evidence, also, several mortgages on the land, executed by their father to Simon & Brother, for advances to make a crop; to which the administrator objected, on account of a variance in the description of the land, and because the original mortgages were not produced, nor their absence accounted for; and he excepted to the overruling of his objections.   The administrator offered Sam Bozeman as a witness, who was a son of his intestate, and offered to prove by him that Josiah Bozeman, junior, claimed only a one-twelfth interest in the lands; but the court refused to allow him to testify, and the administrator duly excepted.   On all the evidence adduced, the court refused to grant an order of sale, and dismissed the petition; to which ruling and decree the administrator excepted.   The several rulings to which, as above stated, exceptions were reserved, are now assigned as error.

PARKS & SON, for appellant.

GAMBLE & BRICKLEN, contra.

SOMERVILLE, J.—The only objection urged against the admission in evidence of the depositions offered by the contestants was, that no affidavit had been made showing a statutory ground or cause for taking them, such as is ordinarily required to procure the taking of testimony by deposition in civil cases.—Code, 1886, §§ 2801, 2802.

In cases of this kind—an application made by executors or administrators to sell lands of a decedent's estate, either for distribution, or the payment of debts—no such affidavit is required, any more than in chancery cases.   The statute expressly requires, that the evidence as to the facts stated in the application, and the necessity of the sale, shall be by the depositions of disinterested witnesses, which must be filed and recorded.—Code, 1886, §§ 2113, 2114.   No special cause for taking depositions being required, an affidavit to show such cause is necessarily dispensed with, as in chancery practice, where interrogatories may be filed unsupported by affidavit.—Rule 52, Chancery Practice; Code, 1886, p. 820.

With these depositions in evidence, the decree of the Probate Court is fully sustained.   The other assignments of er-

27

ror, based on the admission of the mortgages of Josiah Boze-
man to Simon & Bro., and the exclusion of the testimony of
the witness Sam Bozeman, can not avail to reverse the decree,
admitting them to be well taken. If we should correct
these alleged errors, the result would be unaffected, because
the change in the weight of testimony would be too trivial
to shake our conviction as to the correctness of the find-
ing of the probate judge on the facts of adverse possession.

The judgment must be affirmed, on the authority of *Boze-
man v. Bozeman*, 82 Ala. 389, where we held, that the ad-
verse holding of the heir for twenty years barred the appli-
cation of the administrator to sell the lands for the purpose
of distribution under the provisions of the statute.

Affirmed.