POTTS v. POLK COUNTY.

1. **Action:** SETTLEMENT: CONSIDERATION: PAROL TO VARY WRITING. Where an action by a constable against a county was pending for fees for services in criminal cases, and it was compromised according to a written stipulation, *held* that, in a subsequent action based on the same services, evidence was properly rejected which was offered to show that one of the terms exacted of plaintiff in the compromise was that he should resign his office as constable; since that condition was not embraced in the written agreement.

2. ———: ———: ———: DISPUTE AS TO AMOUNT DUE. The facts that such action was pending; that plaintiff therein was a constable in a country township; that his election was irregular and his title to the office not clear; and that the fees claimed amounted to thirty-five hundred dollars, which he pretended to have earned in thirteen months, *held* sufficient to show that the demand was not so absolutely just and legal that a compromise of it was without consideration.

3. **Costs:** APPORTIONMENT: WHEN ALLOWABLE. Where plaintiff's action was founded upon a great many different items, and he was defeated, upon the evidence, as to most of them, it was proper for the court to tax half the costs to him. (See Code, sec. 2933, and cases cited in opinion.)

*Appeal from Polk District Court.*—HON. CHAS. A. BISHOP, Judge.

FILED, JUNE 2, 1890.

THIS action was commenced on the fourth day of April, 1888; and the plaintiff claimed in his petition the sum of two thousand dollars as a balance due him for services rendered while constable of Saylor township, Polk county. The defendant denied any indebtedness to the plaintiff, and denied that plaintiff was elected constable, and denied that he was a resident of Saylor township. It was further averred in the answer that plaintiff and defendant, on the tenth day of December, 1887, had a settlement, and defendant then paid to plaintiff the sum of one thousand dollars

in full of all claims against Polk county to that date. The plaintiff, by a reply, admitted the receipt of one thousand dollars, and averred that the settlement set up by the defendant was without consideration, contrary to public policy, in violation of the statute of this state, and absolutely void. The cause was referred to a referee to try and determine, and report to the court. The referee found and reported that the alleged settlement was valid, but that plaintiff was entitled to recover the sum of $159.60 for services rendered after said settlement. The plaintiff filed exceptions to the report, which were overruled, and judgment was rendered for the plaintiff for the amount found by the referee to be due, and it was ordered that one-half of the costs of the suit be taxed to plaintiff. Plaintiff appeals.

*Morgan & Evans*, for appellant.

*C. P. Holmes*, for appellee.

ROTHROCK, C. J.—I. At the time of the alleged settlement, there was an action pending in which the plaintiff claimed a large amount as due him, for fees, for services rendered in criminal cases tried before justices of the peace in Polk county. The action was settled and dismissed, and the defendant paid to the plaintiff the sum of one thousand dollars. It is not disputed that there was a formal settlement. The question of fact controverted by the parties on the hearing before the referee was whether the settlement included all claims for fees which accrued prior to the settlement, which was on the tenth day of December, 1887. The settlement was reduced to writing, and the writing was lost, and parol evidence of its contents was introduced. The plaintiff signed a receipt for the one thousand dollars paid to him. The receipt was written on the stub of the county warrant which was issued to him, and is in these words:

1. ACTION: settlement: consideration: parol to vary writing.

"December 10, 1877.

"*To G. W. Potts:* —For fees as constable, in full of all claims against Polk county to date. Received warrant.

"(Signed.)            G. W. POTTS."

Considering this receipt, and the evidence as to the contents of the written contract of settlement, the finding of the referee that it included all claims prior to the settlement is fully supported by the evidence. But it is claimed by counsel for appellant that the defendant, by its officers or attorneys, exacted of the appellant as a condition of said settlement that he should resign the office of constable for Saylor township, and that because of such condition the settlement was void, as being against public policy. There was evidence introduced which tended to show that the plaintiff did agree to resign his office. But it was no part of the writing by which the settlement was made. The referee held that the evidence was not competent, because it varied the written contract. This finding appears to be correct; and, as this is a plain action at law, we think that, in the absence of a claim of the right to reform the contract of settlement for fraud or mistake, the parol evidence was properly rejected.

II. It is further claimed that the contract of settlement was illegal and void because, as found by the referee, there was then actually due to the plaintiff not only the one thousand dollars which was paid to him, but the further sum of $1,657.39, making the sum of $2,657.39 then due; that said sum was liquidated, and a legal claim under the statute and laws of the state, and payable to the plaintiff as a public officer; and that there was no consideration for any compromise, because there was no real dispute about the amount. That there was dispute and contention between the plaintiff and the county in regard to the amount of fees due to him is apparent from the fact that the action was then pending. The amount claimed as fees was quite large. As we understand

*2. —:—: dispute as to amount due.*

the evidence, the plaintiff claimed in the present action, and in the one which was settled, the aggregate sum of about thirty-five hundred dollars for his services in criminal cases, and these fees were all earned and accrued from the ninth day of November, 1886, to the tenth day of December, 1887. He was constable of a country township in Polk county. His election to the office was, to say the least, irregular. He testified upon the trial, in reference to his election, as follows: "Just immediately prior to my election in November, 1886, I lived in Lee township, Polk county, Iowa. At the election in November, 1886, I think I voted in Lee township. I think I voted there on the morning of the election, and moved into Saylor township. I voted as soon as the polls were open, and went to moving probably an hour and a half afterwards. I was married then. I did not sleep that night. A good portion of the night I was in Saylor township, waiting for those four votes. I think I received four votes." It would seem from these facts that it was the duty of the board of supervisors to scrutinize the claims presented by the plaintiff, and we think it cannot be said that the demands were so absolutely just and legal as that they could not be compromised by the parties.

III. Appellant's counsel complain because the court divided the costs between the parties. It is provided by section 2933 of the Code that, "where the party is successful as to a part of his demand, and fails as to part, unless the case is otherwise provided for, the court may, on rendering judgment, make an equitable apportionment of costs." Where a party brings an action founded upon separate items of demand, and recovers on part of them, the court may, in its discretion, apportion the costs. *Howder v. Overholser*, 48 Iowa, 365; *Whitaker v. Sigler*, 44 Iowa, 419. But, where the cause of action is a single claim, a reduction in the amount does not entitle the losing party to an apportionment of costs. *Hammond v. Railway Co.*, 49 Iowa, 450. The plaintiff's claim was founded upon a great many different

3. Costs: apportionment: when allowable.

items, and, under the evidence as to the settlement, he was defeated in nearly all of them; and, under the rule of the above-cited cases, it was proper to apportion the costs. It is enough to say of the case of *Rand v. Wiley*, 70 Iowa, 110, relied upon by appellant, that it does not appear to us to be within the rule above stated.

AFFIRMED.