# Smith v. Elrod.

## Action on Promissory Notes.

1. *Accord and satisfaction; what constitutes it.*—While it is a general rule that an accord, in order to operate as a discharge of a debt, must be executed, yet if the creditor accepts, in satisfaction of his debt, the promise of the debtor to perform some act in the future, the debt is thereby extinguished, without awaiting performance by the debtor.

2. *Same; same; facts of this case.*—A creditor agreed to accept certain property and the promise of the debtor to do certain acts in the future in satisfaction of his debt. The promise was made and the property specified delivered to the creditor. He told the debtor that he would have the notes evidencing the debt delivered to him when he called for them. One of the notes was delivered, but the others were not, having been previously pledged by the creditor. *Held*: That by the delivery of the property and the promise to perform other acts specified, the accord was executed so far as was necessary to satisfy the debt, and was a complete bar to any action on the notes evidencing said debt.

[Smith v. Elrod.]

3. *Plea of accord and satisfaction; fatal variance between aver-
ments and proof.*—Where a plea of accord and satisfaction
simply avers that the defendant delivered to the plaintiff,
and the latter accepted, in satisfaction and discharge of his
claim, certain specified property, but the evidence shows that
the agreement between the parties was not only that the
defendant was to deliver to the plaintiff in satisfaction of the
debt the property specified in the plea, but that the defendant
promised to deliver certain other property in the future,
and to perform certain stipulated acts in the future, there is a
fatal variance betwen the plea and the proof, which prevents
the defendant's recovery under said plea.

4. *Same; not proven under plea of payment.*—Facts constituting
accord and satisfaction can not be proven under the plea of
payment.

5. *Pleading and practice; when erroneous ruling upon the evidence
will not work a reversal of a judgment.*—Where a cause is
tried by the court without the intervention of a jury, error
in the admission of evidence will not work a reversal of the
judgment on appeal, if, under the evidence and pleading in the
case, the party introducing such erroneous evidence would
have been entitled to the verdict, even if it had been excluded;
the admission of evidence under such circumstances being
error without injury.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellee, J. G. Elrod,
against the appellant, H. D. Smith, and was instituted
on February 1, 1896. The plaintiff sought to recover on
four separate promissory notes; each of which was exe-
cuted on December 8, 1893, and payable September 10,
1894, October 10, 1894, November 10, 1894, and Decem-
ber 10, 1894, respectively. The defendant pleaded sev-
eral pleas. By the first plea, which was sworn to, he de-
nied the execution of the note described in the first
count, which was payable on September 10, 1894. By the
second plea, he set up payment of the debt for the recov-
ery of which the suit was brought. In the third plea,
he set off an alleged indebtedness due from the plaintiff
to him. The fourth plea was as follows: "4. Defendant
for further plea says, that he delivered to plaintiff, and
plaintiff accepted and received from defendant in satis-
faction and discharge of plaintiff's claim on the —— day

of ————, 1896, the following personal property, to-wit: a saw mill outfit and its equipments, including engine and boiler and shop tools." The record shows that there was an order made by the court granting the defendant leave to file a plea of the general issue, but no such plea appears of record.

On the trial of the cause, the plaintiff introduced in evidence the four notes sued on, which were shown to have been executed by the defendant to the plaintiff as alleged in the complaint. The defendant as a witness in his own behalf testified that on June 8, 1895, he had a settlement in writing with the plaintiff of the indebtedness evidenced by said notes. The agreement growing out of this settlement was introduced in evidence and was in words and figures as follows: "This is agreed by H. D. Smith, if J. G. Elrod will pay all expenses of labor at the Earskin bottoms and a clear receipt of all notes and accounts that J. G. Elrod holds against said Smith, Smith agrees to turn over all saw mill outfit and its equipments at the Earskin bottom, including engine and boiler and shop tools, and Smith agrees to get extra machinery for Elrod, twenty thousand shingles and put lumber on lot at Boaz for 65c per hundred, lumber and 1,000 shingles is to be delivered by October 15th, 1895, the lumber is to pay for belt bought of Bettingfield and bran bought of Bynum, and cotton seed hulls and meal of Whitman at Boaz, this June 28th, 1895.

"P. S. The 20,000 shingles is to be delivered by March 1st, 1896.

　(Signed.)　　　　　　　　　　J. G. Elrod,
　　　　　　　　　　　　　　　　H. D. Smith."

The defendant further testified that at the time of this agreement, he turned over to the plaintiff the engine, boiler and saw mill outfit and other machinery and shop tools described in said writing, the value of all of which was six hundred dollars, which was the amount the plaintiff claimed was due him from the defendant; that plaintiff told him that he could not well deliver to him the notes in suit as they were at his home, but that he would tell his wife to turn them over to him, and that he could call by and get them from his wife at any time; that a short time thereafter he called on the plaintiff's

wife and that she could only find the note falling due September 10, 1894, which she turned over to him. That a few days afterwards he saw plaintiff, and in telling him of his wife being unable to find but one of the notes, the plaintiff replied that he had delivered the others to a creditor as collateral security, but that he would get them and turn them over to the defendant. The defendant further testified that the plaintiff, in November, after the execution of this agreement of settlement, had a conversation with the defendant in which he told him that there was a mortgage on the machinery the defendant had traded to him, but that the plaintiff never demanded the note back nor did he claim that the defendant owed him anything, nor did he offer to surrender the machinery or rescind the contract. Two other witnesses were introduced, who, after testifying as to their having been present at the time of the settlement between the plaintiff and the defendant, corroborated the testimony of the defendant.

It was shown that the defendant obtained the machinery which he had traded to the plaintiff from one Darnell. Darnell was introduced as a witness for the plaintiff, and testified that prior to the selling of the machinery to the defendant, which he traded to the plaintiff, he, Darnell, executed a mortgage on the machinery together with other property to one A. G. Henry, to secure an indebtedness of $540.86; that said mortgage was unpaid; and that at the time of the purchase of the property by the defendant, he, Darnell, had paid Henry $440 on the mortgage. After proving its execution, the plaintiff offered this mortgage in evidence. To its introduction the defendant objected on the ground that it was irrelevant, immaterial and was *res inter alios acta.* The court overruled the objection, allowed the mortgage to be introduced in evidence, and to this ruling the defendant duly excepted.

The evidence showed, without conflict, that after the agreement in June, the machinery was turned over to the plaintiff by the defendant, and that the plaintiff ran the machinery until the latter part of the year or the first of the succeeding year, when he surrendered it to Henry under the latter's mortgage. The plaintiff and the de-

[Smith v. Elrod.]

fendant testified that at the time of entering into the agreement of settlement with the defendant they knew nothing of the mortgage from Darnell to Henry; and they both further testified that at the time Darnell delivered the machinery to Smith, which was that delivered by Smith to the plaintiff, Darnell stated that there was no incumbrance upon said machinery.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence, the court rendered judgment for the plaintiff. To the rendition of this judgment the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BURNETT & CULLI, for appellant, cited *Worley v. Moore*, 97 Ind. 15; 3 Amer. & Eng. Encyc. of Law 924, and authorities in note.

AMOS E. GOODHUE and O. D. STREET, *contra*, cited *Keen v. Vaughan*, 48 Pa. St. 477; *Hoxsie v. Lumber Co.*, 41 Minn. 548; *Overton v. Conner*, 50 Tex. 113; 1 Amer. & Eng. Encyc. of Law, 420-2.

DOWDELL, J.—While it is a general rule that an accord, in order to operate as a discharge of a debt, must be executed, yet it is well settled that a creditor may accept the mere promise of the debtor to perform some act in the future in satisfaction of the debt, and where such is the case the satisfaction is good and the debt extinguished without performance.—1 Am. & Eng. Encyc. of Law (2d ed.), 423; *Knowles v. Knowles*, 128 Ill. 110; *Potts v. Polk Co.*, 80 Iowa 401; *Averill v. Wood*, 78 Mich. 342; *Oregon Pac. R. R. Co. v. Forrest*, 128 N. Y. 83; *Babcock v. Hawkins*, 23 Vt. 561. That the plaintiff accepted the delivery of the saw mill machinery to him and the defendant's promise to deliver the 20,000 shingles by March 1, 1896, and to perform the other stipulations in full satisfaction of the notes and accounts, and that defendant made the delivery and promises with this understanding, is, we think, made manifest by the undisputed evidence that plaintiff told defendant he would instruct

his wife to deliver the notes to him and he could call on her at any time and get them, and that one of them was in fact surrendered to defendant by the wife. The accord was executed in so far as its execution was necessary to the satisfaction of the debt, by the delivery of the machinery and the promise to perform the other acts, and was a complete bar to any action on either the notes or the accounts, unless rescinded for sufficient cause. The evidence fails to show any rescission, or offer to rescind, such as would revive the original cause of action. Indeed, there is no replication to the special plea of accord and satisfaction setting up any rescission or offer to rescind, and therefore no issue of that character raised, although evidence was admitted tending to show a cause of rescission based upon the fact that the property delivered to plaintiff in pursuance of the accord was, at the time, subject to a mortgage which had been given by a third person before defendant became the owner of the property. But the evidence was insufficient, even if relevant under the pleadings, to show an actual rescission or offer to rescind. Hence, the facts shown by the undisputed evidence constituted a complete defense to the action and would have authorized a judgment in defendant's favor, if they had been properly pleaded. But there is a fatal variance between the plea of accord and satisfaction and the proof. The plea avers only that defendant delivered to plaintiff, and the latter accepted in satisfaction and discharge of his claim, "a saw mill outfit and its equipments, including engine and boiler and shop tools," and omits all reference to the other terms of the accord, namely, the promise of defendant to deliver 20,000 shingles by March 1, 1896, and to perform other stipulated acts in the future, the acceptance of which promises by the plaintiff, together with his acceptance of the saw mill machinery, was, as has been shown, to be the satisfaction of the debt. The variance was fatal and must prevent a recovery under this plea. There is no evidence in the record in support of the other special pleas, and there was no plea of the general issue. The record shows that leave was granted the defendant to file a plea of the general issue, but fails to show that such plea was

filed. The facts in evidence relating to the accord and satisfaction were not admissible in support of the plea of payment. In the absence of a special replication to the plea of accord and satisfaction, setting up a rescission, or offer to rescind, and a cause of rescission, the mortgage was not relevant to any issue in the case, and the objection of defendant to its admission should have been sustained. But the cause was tried by the court without the intervention of a jury, and since, under the evidence and pleadings, the plaintiff would have been entitled to a verdict even if this evidence had been excluded, its admission was error without injury, and cannot be a ground of reversal.

Affirmed.

The opinion in this case was prepared by BRICKELL, C. J. and is adopted by the court. Justices HARALSON and TYSON agree to the affirmance of the judgment of the court below, but do not concur in the reasoning in the opinion on the question of variance, holding that the defendant's plea was not proved.