# Union Central Life Insurance Co. v. Washburn.

## Action on Insurance Policy.

(Decided Jan. 13, 1909.   48 South. 475.)

1. *Pleading; Replication; Proof.*—It is enough if one of several replications is established, although there are several replications which plead in different ways a waiver of forfeiture of the policy sued on.

2. *Evidence; Writing; Authentication.*—Papers or letters found among the papers of insured, purporting to have emanated from the general state agent of the insurer, with no marks or other things to

indicate other than that they are genuine, though signed only with a rubber stamp, in conection with the evidence of the custom of the general state agent to so affix his signature, are admissible to show waiver of the forfeiture of the policy.

3. *Insurance; Forfeiture; Waiver.*—Once made a waiver of forfeiture is irrevocable.

4. *Appeal and Error; Harmless Error; Admission of Evidence.*— Where the finding of the court is justified on the legal evidence admitted, in which there is no conflict, in finding that there had been a waiver of forfeiture of the policy sued on, any error in admitting irrelevant or illegal evidence, is harmless.

5. *Executors and Administrators; Claims to be Presented.*—A claim as a credit on the policy for the amount of the unpaid premium note, as provided in the policy, not being required to be presented to the administrator of insured to save it from the bar of statute of non-claims as a credit on the policy, the defendant is entitled by plea of set off to claim such note as a credit, even though not presented to the administrator.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by T. S. Washburn, as administrator, against the Union Central Life Insurance Company. Judgment for plaintiff. Defendant appeals. Corrected and affirmed.

BURNETT, HOOD & MURPHEE, for appellant. The demand of a fully earned premium even after forfeiture is not inconsistent with the idea of forfeiture.—*Mondegs v. C. M. L. Assur. Soc.*, 64 Ia. 134; *Laughlin v. F. M. L. Assn.*, 8 Tex. App. 448; *U. C. L. Co. v. Chowning*, 8 Tex. App. 455. The acceptance of earned primium does not waive a forfeiture, even if accepted after the forfeiture.—*Phelbrook v. New Eng. I. Co.*, 37 Me. 137; *Neally v. Nondega*, 7 Hill 49; *Joliffe, v. Marison I. Co.*, 39 Wis. 111; 3 Cooleys Brief on Insurance, pp. 2689, 2691, 2724-27. Counsel discuss the pleading and the evidence but without further citation of authority.

CULLI & MARTIN, for appellee. Counsel refer to the decision of this case on a formed appeal as conclusive of the matters involved on the present appeal. They discuss the evidence, but without citation of authority.

DENSON, J.—The principles of law controlling the pleadings in this case were determined on former appeal. —*Washburn v. Union Central Life Insurance Co.*, 143 Ala. 485, 38 South. 1011. Since the remandment of the cause two additional pleas, 4 and 5, have been filed by the defendant. The fourth plea, like the second and third, sets up the defense of forfeiture of the policy sued on. Replications 17 to 24, inclusive, which had been filed to pleas 2 and 3, were also filed to plea 4. In principle, no new question is raised by this last plea, different from those considered when the case was here before. The fifth plea is one of set-off. The real issue in the case is that of waiver vel non of the forfeiture pleaded, which is raised by the replication to the pleas setting up this defense. In the several replications the waiver of the forfeiture is pleaded in different ways; but this does not impose upon the plaintiff the duty of supporting by the evidence all of the replications in order to a recovery. It is sufficient answer to the pleas of forfeiture, if any one of the replications setting up waiver is established.

It is needliess to repeat here what was said on former appeal as to the law in respect of forfeiture and the waiver thereof in such cases, and we content ourselves in referring to that case for what was then said.

The present case was tried by the court below without a jury, and on the facts in evidence a judgment was rendered in favor of the plaintiff. Upon the introduction of evidence on the trial many objections were made and exceptions reserved to the rulings of the court. These exceptions are not discussed in detail by counsel in their briefs, nor do we find it necessary to so treat them in this opinion. Under the issues made by the replications, the evidence of any fact or circumstance which tended, though slightly, to show a waiver of the alleged forfeiture by the defendant, was competent and legal.

Along this line the documents designated in the record as "B," "C," "E," "H," "I," and "J" were admissible in evidence. It was shown that they, together with the policy sued on, were found among the papers of the insured at the time of his death. They purported to have emanated from E. H. Andrews, the general agent of the defendant company at Birmingham, Ala., and with no other indicia or marks than that of genuineness. The evidence, attending the introduction of these papers, of the custom of General Agent Andrews to use a rubber stamp in affixing his signature, was permissible, going to show the authenticity of these documents, which bore his signature affixed in this manner. The evidence without dispute showed that E. H. Andrews was the general agent of the defendant company, and as such had the general management and control of all of the business of the defendant in the state of Alabama. In a sense he was the alter ego of the defendant in this state. As a question of law there can be no doubt of his authority to bind the defendant by a waiver of the forfeiture, and this either expressly or by his acts and conduct. The letters designated "I" and "J," which were written and sent to the insured after the date of default in the payment of the premium note, the said default being the time of the alleged forfeiture, we think, clearly indicated a purpose to waive and not to claim a forfeiture; and the law is the waiver is irrevocable when once made.

On the legal evidence in the case, and in which there was no conflict, the trial court, who heard the cause without a jury, was justified in the conclusion that there had been a waiver by the defendant of the alleged forfeiture, and in rendering judgment for the plaintiff. This being true, it may be conceded that the court committed errors in the admission of other evidence that was irrelevant and illegal, without affecting the conclusion reached,

since under the settled law of this court, in such a case, where the trial court acts as both court and jury, the error is absque injuria. The rule is thus stated in *First National Bank v. Chaffin*, 118 Ala. 259, 24 South. 84: "If illegal evidence has been admitted, the judgment must be reversed, unless the remaining evidence is without conflict and supports the judgment." Such is the case before us. Eliminating all illegal evidence, the remaining evidence without conflict supports the judgment.

The judgment, however, must be corrected. Under the plea of set-off the defendant was entitled to a credit of the amount of the unpaid premium note. This was provided for in the contract on which the plaintiff sues, and it was not required to be presented to the plaintiff, as administrator of the insured, to save it from the bar of the statute of non-claim as a credit on the policy. With this correction, the judgment will be affirmed.

Corrected and affirmed.

HARALSON, SIMPSON, and McCLELLAN, JJ., concur.