153 So. 287

## LACKEY v. THOMAS.
### 8 Div. 635.

Court of Appeals of Alabama.
Nov. 7, 1933.

Rehearing Denied Dec. 19, 1933.

Reversed on Mandate March 6, 1934.

Street & Bradford, of Guntersville, for appellant.

H. G. Bailey, of Boaz, for appellee.

SAMFORD, Judge.

The suit is on a promissory note executed by defendant and payable to plaintiff in the sum of $503.80. The pleas upon which the suit was tried were payment and failure of consideration. The cause was tried by the judge without a jury. The execution and delivery of the note was admitted and the plaintiff made out his case by the introduction of the note in evidence, and the burden then shifted to the defendant on the pleas interposed. Plea 1 was payment, and on this plea issue was joined without any test by demurrer. Plea 3 was a plea of a failure of consideration in the following words and figures, to wit: "For further answer to the complaint, the defendant says that the consideration for which the note sued on was given has failed in this, to-wit: That the note sued on was executed and delivered to the plaintiff by defendant as a part of the purchase price of a shoe repairing and stitching machine and its accessories. That, upon the execution of said note said machine was delivered by plaintiff to defendant. That plaintiff warranted to the defendant that he had a good and valid title in and to said property and the good and lawful right to sell and convey the same to the defendant, whereas, after said sale of said property to defendant and before the bringing of this suit, the United Machine Repairing Company recovered a judgment in the Circuit Court of Marshall County, at Albertville, against the plaintiff and the defendant for said property and defendant thereby lost said property."

Demurrer was interposed to this plea on several grounds, among which were: (1) It is not averred that plaintiff's title to the machinery was defective; (2) because the nature and character of the suit is not averred. Under section 9469, Code 1923, a plea must consist of a succinct statement of the facts relied on in bar of the suit, and no objection can be taken thereto if the facts are so stated that a material issue can be taken thereon. But the plea must itself present a complete defense to the action. In the instant case it is not alleged that the plaintiff did not have title to the machinery at the time of the sale to defendant. So far as the plea is concerned, the machinery may have been lost to defendant through acts of defendant or plaintiff, after the sale of the property to defendant. If any

fact is omitted which is necessary to show a failure of consideration, the plea is insufficient. Noble v. Anniston National Bank, 147 Ala. 697, 41 So. 136. When the plea is a want of consideration, a statement in the plea that the note or obligation sued on is without consideration is the statement of a fact presenting a material issue. When the plea sets up a failure of consideration the plea must state the facts constituting the failure, so that the court may pass upon the materiality of the issue presented. 8 C. J. 919 (1205)c.

However, there was no ruling on the demurrer to plea 3, until after all the evidence was in and the whole matter in controversy had been heard by the court and his conclusions on the facts reached, so that this court has before it the entire case as the same was presented in the circuit court. If upon the whole record there is no error to the prejudice of appellant, the judgment must be affirmed.

There was a plea of payment on which issue was joined, and on this plea evidence was offered pro and con. It appears that prior to the 6th day of August, 1923, one Stephens was the owner of a lot of shoe repairing machinery, and that this plaintiff held a mortgage on same in an amount of about $500. This defendant Thomas purchased the machinery at an agreed price of $1,000, paying therefor a truck valued at $500 and giving his obligation and mortgage on the property for $503.80 to Lackey, this plaintiff. This transaction discharged Stephens' obligation to Lackey, and the machinery was thereupon delivered to Thomas. Thomas claims, and there was evidence tending to prove, that the purchase of the machinery by him was from Stephens and Lackey, and that Lackey represented to him that he and Stephens had a good title. Lackey on the other hand contended, and there was evidence tending to prove, that the sale of the machinery was made by Stephens, and that his part in the transaction was simply that of a mortgagee consenting to the sale and substituting Thomas for Stephens as mortgagor. Be that as it may, the truth of the matter was for the trial court on the disputed issue.

Thomas kept the machinery for some months making two payments, and then the machinery was sold to Watford and Moore, who moved it to Gadsden. Watford and Moore agreed to pay $700; $100 in cash, and a mortgage to secure the balance of $600. Thomas received the $100, and the mortgage for $600 was made to Lackey, who accepted the same and collected two monthly installments from Watford and Moore. Default in further payments being made, Lackey repossessed the machinery, placing it in storage and assuming full control and dominion over it. He rented one of the machines to Thomas for $5 per month, and sold a part of the machinery and accessories to other parties. Thomas claims, and there was evidence tending to prove, that when the sale was made to Watford and Moore, Lackey accepted the obligation of Watford and Moore in payment and settlement of the Thomas mortgage, and that thereafter he treated the transaction as having been so consummated. Lackey claimed, and there was evidence tending to sustain his claim, that the latter sale was made by Thomas and that the mortgage from Watford and Moore was only taken as collateral security to the mortgage due by Thomas.

If it was the intention of the parties that the mortgage from Watford and Moore to Lackey should be in full discharge of the obligation of Thomas, then the debt of Thomas to Lackey was paid and this suit could not be maintained. Bearing on this was the attitude assumed by Lackey regarding the property. These were questions of fact to be passed upon by the court, and when found by him they will not be set aside by this court unless plainly and palpably contrary to the great weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 So. 52.

If, therefore, the plea of payment is found to be sustained by the evidence, the defense is complete and any errors growing out of the rulings under plea 3 would be error without injury.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Lackey v. Thomas, 228 Ala. 106, 153 So. 289.