153 So. 289

## Ex parte LACKEY.

## LACKEY v. THOMAS.

### 8 Div. 564.

Supreme Court of Alabama.

Jan. 25, 1934.

Street & Bradford, of Guntersville, for petitioner.

H. G. Bailey, of Boaz, for defendant.

No brief reached Reporter.

ANDERSON, Chief Justice.

Ordinarily this court will not disturb the finding of the Court of Appeals as to error without injury unless it is manifest from the opinion of said court that the application of said rule was erroneous. Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 So. 992; Ex parte First Nat. Bank of Montgomery, 206 Ala. 394, 90 So. 340.

The Court of Appeals has held, and properly so, that the defendant's plea of a

failure of consideration was subject to the plaintiff's demurrer which should have been sustained, but applied the doctrine of error without injury because the trial judge, sitting as a jury, could have found for defendant under the plea of payment, and as to which there was a dispute in the evidence. This could not be so unless the opinion or record shows that the finding of the trial court was based on the plea of payment, or that the plea was established by the undisputed evidence, or that there was no evidence in support of the plea to which the demurrer was overruled. The opinion of the Court of Appeals does not suggest that the judgment of the trial court was based only upon the plea of payment, and, in effect, sets out that there was a conflict in the evidence as to both of said pleas, and this being true there was no ground for the application of the rule of error without injury. From aught appearing, it is impossible to say that the trial court based its finding on the plea of payment alone, and that the plaintiff has not shown probable injury.

The writ is awarded, and the holding of the Court of Appeals is reversed, and the cause is remanded to said court.

Reversed and remanded.

All Justices concur.