· 184 So. 262

# LACKEY v. THOMAS.

## 8 Div. 543.

Court of Appeals of Alabama.
June 21, 1938.

Rehearing Denied Oct. 4, 1938.

· Street & Bradford, of Guntersville, and
Thos. E. Orr, of Albertville, for appellant.

H. G. Bailey, of Boaz, for appellee.

SAMFORD, Judge.

This is the second appeal in this case. On the first trial judgment was rendered for the defendant, and on appeal this court held that, notwithstanding error on the part of the trial court in ruling on the demurrer to plea 3, the judgment should be affirmed on the presumptions in favor of the findings of the lower court on the facts. On certiorari, the Supreme Court held that this court was in error, and on the authority of the case on certiorari, the judgment was reversed and the cause was remanded. Lackey v. Thomas, 26 Ala.App. 65, 153 So. 287; Ex parte Lackey, 228 Ala. 106, 153 So. 289.

On retrial in the court below the defendant withdrew all of his pleas except the plea of payment. Issue being joined on this plea, the cause proceeded to trial before the judge without a jury. The judgment recites: "The evidence being submitted to, and duly considered, by the court, it is therefore ordered and adjudged by the court, that defendant have judgment and that plaintiff be taxed with the cost incurred in this prosecution for which let execution issue."

The evidence on the question of payment was in conflict, thereby creating an issue of fact to be determined by the court. Giving to this judgment the presumptions to which it is entitled and considering it in the same category with a verdict of the jury, this court would not be justified in holding that the judgment of the court in passing upon the evidence was error. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

It is insisted, however, that the court committed error in passing upon objections to testimony, and that if there is such error, the presumption of injury arises sufficient to warrant a reversal and retrial of the case. Prior to the case of First National Bank of Talladega v. Chaffin, 118 Ala. 246, 24 So. 80, the rule had been announced in many cases that there being sufficient competent evidence to sustain a finding in a case tried by the court without a jury, admission of incompetent evidence is not a ground for reversal. This rule was announced in Bozeman v. Bozeman, 83 Ala. 416, 3 So. 784; Scarbrough v. Borders, 115 Ala. 436, 22 So. 180; Smith v. Elrod, 122 Ala. 269, 24 So. 994; Union Central Life Ins. Co. v. Washburn, 158 Ala. 169, 48 So. 475; but there was a different rule announced by McClellan, Judge, in First National Bank of Talladega v. Chaffin, 118 Ala. 246, 24 So. 80, wherein it was declared [page 84]: "When error is found, the presumption of prejudice or injury arises, and, unless it is clearly repelled, a reversal must follow. If illegal evidence has been admitted, the judgment must be reversed, unless the remaining evidence is *without conflict,* [Italics ours.] and supports the judgment. When there is conflict, and the judgment can be supported only by an inquiry as to the credibility of the witnesses, and the preponderance of evidence, it is better to submit that question anew to the decision of the primary court, which can have the witnesses before it, and, observing their demeanor, is the better able to pass on their credibility." Expressing a reluctance to overrule and modify former decisions of the court, the Supreme Court in the case just cited said [page 84]: "We are impelled to return to and adopt it as embodying the true rule of appellate action in such cases." Since the decision in the above case, the Supreme Court has followed the rule there stated.

Mr. Justice Thomas in Deal v. Houston County, 201 Ala. 431, 78 So. 809, again, states the rule as follows [page 812]: "It has long been the rule that where a cause is tried by the court without a jury, the admission of illegal evidence raises the presumption of injury, and requires the

reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment."

Mr. Justice Foster follows the same rule in Springer et al. v. Sullivan, 218 Ala. 645, 119 So. 851.

So, it becomes necessary for us to review the rulings of the trial court upon the admission of testimony to see, first, if error was committed, and, if so, presuming injury by such error, does it affirmatively appear from a reading of the entire record that such error would not probably affect the decision or judgment of the lower court.

The basis of this suit was a note dated August 6, 1923, and signed by this defendant for the sum of $503.80. This $503.80 was a part of the purchase money for certain machinery which Thomas took into his possession at that time from a man by the name of Stephens, from whom Thomas bought the machinery. Subsequently, Thomas sold the machinery, with the consent of the plaintiff, to Watford and Moorer, taking a mortgage payable to the plaintiff and receiving a cash payment of $100. The defendant testifies that in the transaction with Watford and Moorer he received $100 cash and the mortgage for the balance was made out to the plaintiff, which plaintiff agreed to take, and did accept as payment for whatever interest he had in the machinery and in settlement of defendant's debt. The plaintiff testified that while he took the mortgage on the machinery from Watford and Moorer that it was only as security for the debt still due him by the defendant. Therein lies the controversy between the parties, and that presents the whole issue in this case.

With the issues thus defined, the value of the machinery at the time it was in the possession of Watford and Moorer was immaterial, and therefore the trial court committed error in permitting the defendant to testify that he knew the price of the machinery at the time it was in possession of Watford and Moorer. It was also immaterial and error to permit the defendant to testify that the machinery at that time was worth from $750 to $800.

All of the testimony relative to the suit in the Circuit Court between the United States Shoe Repairing Company and J. C. Thomas and the plaintiff was irrelevant to the issue of payment, and should not have been admitted in evidence.

As has been seen, the only issue before the court to be determined as a fact was whether or not the note sued on had been paid. All of the foregoing evidence was immaterial to that issue.

A certified copy of the mortgage of Watford and Moorer and payable to the plaintiff was properly introduced in evidence as tending to sustain the defendant's contention.

The court did not err in permitting the defendant's counsel on cross-examination to ask the plaintiff: "You did not file suit in this case until the United States Shoe Repairing Company recovered the property and came down and got it, did you?" The answer to this question would have a bearing upon the interest which the plaintiff has in the outcome of the suit.

The other rulings of the court on admission of testimony were clearly without injury to the plaintiff.

It may be that the admission of illegal testimony did not have an effect upon the mind of the Judge of the Circuit Court in rendering his judgment, and that such judgment would have been rendered if the illegal testimony had been rejected by him. But, we have no assurance either that it did, or did not, affect the judgment, and following the case of the First National Bank of Talladega v. Chaffin, 118 Ala. 246, 24 So. 80, we are constrained to hold that the judgment must be reversed and the cause remanded.

We quote, with approval, as applicable to this case, the following from the opinion of First National Bank of Talladega v. Chaffin, supra, to-wit [page 84]: "Discarding the evidence we have declared inadmissible, that remaining is in painful conflict; and, without expressing an opinion as to its weight, we are not prepared to render judgment on it." We may have our own private opinion as to the weight of the evidence as affected by the burden of proof, but we must treat this judgment of the court on the facts as we would the verdict of a jury, and we cannot pretend to say that the mind of the trial judge was not materially influenced by the evidence in question.

The writer is very much impressed with the very able dissenting opinion of Coleman, Judge, in the case of First National Bank of Talladega v. Chaffin, supra but this dissenting opinion is not the law as

declared by the Supreme Court, and under the Statutes this court is bound by the decisions of the Supreme Court.

For the reasons above given, the judgment is reversed and the cause is remanded.

Reversed and remanded.